IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Richard Tanasi and Athansula Tanasi, | Case No. 3:16-cv-00727-VAB |
| v. | |
| CitiMortgage, Inc., *et al.* | July 11, 2105 |

## 26 (F) REPORT

**Date Complaint Filed**: May 16, 2016

**Date Complaint Served**: June 15, 2016

**Date of CitiMortgage, Inc.'s Appearance:** May 26, 2016.

**Date of M&T Bank's Appearance**: July 11, 2016.

Pursuant to *Fed. R. Civ. P.* 16 (b), 26 (f) and *D. Conn. L. Civ. R.* 16, Suzann Beckett and David Lavery (for the plaintiffs Richard Tanasi and Athansula Tanasi ("**Plaintiffs**")) and Donald E. Frechette and Tara L. Trifon (for the defendants CitiMortgage, Inc. ("**CMI**") and M&T Bank as successor in interest to Hudson City Savings Bank, N.A. ("**M&T**" and, together with CMI, "**Defendants**")) have conferred about the matters contained herein. Plaintiffs and Defendants (collectively the "**Parties**") hereby submit this Joint Report of Parties' Planning Meeting (the "**Report**").

**I.      Certification.**

Undersigned counsel certifies that, after consultation with their clients, they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction.**

**A.      Subject Matter Jurisdiction**

Plaintiffs' allege that this Court has jurisdiction under 12 *U.S.C.* § 2614 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 *U.S.C.* § 1367. Defendants contest this Court's subject matter jurisdiction to hear and decide the matter *sub judice* pursuant to the *Rooker-Feldman* doctrine.

**B.      Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    Brief Description of the Case.**

**A.      Plaintiff's Claims.**

Plaintiffs allege that Defendants CMI violated the *Real Estate Settlement Procedures Act*, 12 *U.S.C.* § 2601 et seq. ("*RESPA*") by (1) failing to review Plaintiffs' loan modification application and appeal in a timely manner; (2) failing to conduct a reasonable investigation in response to Plaintiffs' qualified written requests, and (3) failing to respond to Plaintiffs' qualified written requests in a timely manner. Plaintiffs' further allege that Defendant's actions and omissions are unfair and/or deceptive practices in violation of the *Connecticut Unfair Trade*

*Practices Act*, and that Defendant was negligent and made negligent misrepresentations in servicing Plaintiffs' mortgage loan.

### B. Defendant's Defenses and Claims.

Defendants' respectfully submit that all of Plaintiffs' claims: (i) should be dismissed in their entirety pursuant to the *Rooker-Feldman* doctrine, (ii) are barred by *res judicata*; and (iii) fail to state claims upon which relief can be granted and/or are barred by the applicable statute of limitations.

## IV. Statement of Undisputed Facts.

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state that the following material facts are undisputed:

1. On August 2, 2007, Plaintiffs executed a note in favor of ABN AMRO Mortgage Group, Inc. ("**ABN**") in the original principal amount of $656,250.00 (the "*Note*").

2. On that same date, and to secure repayment of the *Note*, Plaintiff also executed a mortgage (the "*Mortgage*") in favor of ABN and its successors and assigns.

3. The *Mortgage* was recorded on, or about, August 8, 2007 in volume 516 at page 568 of the Old Saybrook land records.

4. ABN merged into CMI.

## V. Case Management Plan:

### A. Standing Order on Scheduling in Civil Cases.

The Parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

**B.     Scheduling Conference with the Court.**

The Parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to *Fed. R. Civ. P.* 16 (b). If a conference is scheduled, the Parties prefer a conference by telephone.

**C.     Early Settlement Conference.**

1.     The Parties certify that they have considered the desirability of attempting to settle the case and do not request an early settlement conference. To the extent that a settlement conference would be beneficial in the future, the Parties certify that they will submit a formal request at that time. Mediation after discovery may be helpful.

2.     The Parties do not request a referral for alternative dispute resolution pursuant to *D. Conn. L. Civ. R.* 16.

**D.     Joinder of Parties and Amendment of Pleadings.**

1.     The Parties do not anticipate amendment of the pleadings or the joinder of additional parties, except in response to a motion to dismiss.

2.     Plaintiffs should be allowed until September 15, 2016 to file motions to amend the pleadings.

3.     Defendants should be allowed until August 1, 2016 to file a response to the subject complaint.

**E.     Discovery.**

1.     The Parties anticipate that discovery will be needed on all material facts and allegations in the subject complaint and the Defendants' answer and affirmative defenses.

2.     Discovery will not be conducted in phases.

3. Discovery will be completed by March 15, 2017 or, in the event Defendants file motions to dismiss the subject complaint, within ninety (90) days after decision on such motions, whichever is later.

4. All depositions will be completed by March 15, 2017 or, in the event Defendants file motions to dismiss the subject complaint, within ninety (90) days after decision on such motions, whichever is later. Each side will be limited to no more than three (3) depositions.

5. The Parties will not request permission to serve more than twenty-five (25) interrogatories.

6. The Parties do not intend to call expert witnesses at trial, but reserve the right to designate an expert at a later time.

7. A damages analysis will be provided by any party who has a claim or counterclaim for damages on, or before, August 31, 2016.

8. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: Neither party will delete any electronically stored information relevant to this action. Plaintiffs request Defendants preserve electronically stored records (as they may exist), including audio recordings, retroactive to January 1, 2010.

9.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: Each party will use best efforts to identify privileged or work-product documents and will assert claims of privilege before production with a reservation of rights to assert the claim post-production for good cause shown. Upon a post-production claim of privilege, their parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of privilege is resolved.

**F.    Dispositive Motions.**

Dispositive motions will be filed no later than April 31, 2017.

**G.    Joint Trial Memorandum.**

The joint trial memorandum will be filed on September 15, 2017 if no dispositive motions are filed or thirty (30) days after the decision on any such motion, whichever is later.

**VI.    TRIAL READINESS.**

The case will be ready for trial by October 15, 2017 or sixty (60) days after the Court's decision on any dispositive motions, whichever is later. As officers of the Court, undersigned counsel agree to cooperate to promote the just, speedy and inexpensive determination of this action.

Dated this 11th day of July, 2016

/s/ *Donald E. Frechette*
Donald E. Frechette (ct08930)
Tara L. Trifon (ct28415)
LOCKE LORD, LLP
20 Church Street
Hartford, Connecticut 06103
Ph: 860.525.5065
Fx: 860.527.4198
donald.frechette@lockelord.com
tara.trifon@lockelord.com


/s/ *Suzann Beckett*
Suzann Beckett
Beckett Law LLC
543 Prospect Avenue
Hartford, CT 06105
Ph: 860.236.1111
suzannb@beckett-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                                   */s/ Donald E. Frechette*
                                                      Donald E. Frechette

AM 58289164.1