UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**RICHARD TANASI and ATHANSULA TANASI,**

        **Plaintiffs,**

v.

**CITIMORTGAGE, INC.,** *et al.,*

        **Defendants.**

**Civil Action No.
3:16-cv-00727-VAB**

**JULY 29, 2016**

## M&T BANK CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

### I.    INTRODUCTION

Pursuant to *D. Conn. L. Civ. R.* 7 (a) and *Fed R. Civ. P.* 12 (b) (1) and (6), defendant M&T Bank, as successor by merger to Hudson City Savings Bank, N.A. ("**M&T**"), submits this memorandum of law in support of its accompanying motion to dismiss the complaint dated May 16, 2016 ( "*Complaint*") filed by plaintiffs Richard Tanasi ("**Mr. Tanasi**") and Athansula Tanasi ("**Ms. Tanasi**" and together with Mr. Tanasi, "**Plaintiffs**" or "**Tanasis**"). [ECF No. 1].

The *Complaint* asserts claims that could have been, and in fact were, raised in a state court foreclosure action. As such, the *Complaint* is barred by *res judicata.* To the extent Plaintiffs can pursue their claims, the same are moribund because the *Complaint* fails to state

claims upon which relief can be granted and/or its claims are barred by the applicable statute of limitations.[1]

## II.     FACTS[2]

### A.     The Underlying Note and Mortgage

On August 2, 2007, Plaintiffs executed a note in favor of ABN AMRO Mortgage Group, Inc. ("**ABN**"), and its successors and assigns, in the original principal amount of $656,250.00 (the "*Note*").  *See CitiMortgage, Inc. v. Tanasi*, Connecticut Superior Court, Judicial District of Middlesex at Middletown, Docket No. MMX-CV-11-6005630-S ("**Foreclosure Action**"), *Complaint* (attached as **Exhibit A**).[3]  On that same date, and to secure repayment of the *Note*, Plaintiffs also executed a mortgage in favor of ABN (the "*Mortgage*").

---

[1]   Citimortgage, Inc. ("**CMI**") has, through the undersigned counsel, contemporaneously herewith filed its motion to dismiss the *Complaint*.  Many of the arguments made by CMI in connection with that motion apply with equal force to  M&T and, in the interests of brevity, M&T will not repeat those arguments here but will, as hereinafter set forth, simply incorporate them by reference.

[2]   In the context of a motion to dismiss, all of the well-pled factual allegations of the *Complaint* must be accepted as true.  *Wilson v. Midway Games, Inc.*, 198 F. Supp. 2d 167, 170 (D. Conn. 2002).  Of course, M&T reserves the right to challenge those factual claims in an appropriate procedural context should the same become necessary.  In addition, and particularly given the discussion that follows, it is worth noting that, while Plaintiffs' factual allegations must be presumed true for purposes of this motion, their conclusions of law are not entitled to any such presumption.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3]   "In its review of a motion to dismiss, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters *of which judicial notice may be taken*." *Estate of Axelrod v. Flannery*, 476 F.Supp.2d 188, 198 (D.Conn. 2007) (emphasis added).  "There is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties."  *Drabik v. East Lyme*, 234 Conn. 390, 398, 662 A.2d 118 (1995) (internal quotation marks omitted.).  It is likewise clear that, "in dismissing a complaint for lack of subject matter jurisdiction under Rule 12 (b) (1), a court 'may refer to evidence outside the pleadings.'"  *Burfeindt v. Postupack*, 509 Fed.Appx. 65 (2d Cir. 2013), quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Here, the matters herein referenced are not merely part of the superior court's file, but necessary predicates to the ultimate entry of its final judgment of foreclosure in the Foreclosure Action.

Foreclosure Action, *Complaint*, ¶ 4.  The *Mortgage* was recorded on August 8, 2007 in volume 516 at page 568 of the Old Saybrook land records.  *Id.*  ABN merged into CitiMortgage, Inc. ("**CMI**") prior to commencement of the Foreclosure Action and CMI is the holder of the *Note*, which is endorsed in blank.  Foreclosure Action, *Complaint*, ¶ 4; *see also* Foreclosure Action, *Objection to Motion to Dismiss*, attached hereto as **Exhibit B**.

Plaintiffs subsequently defaulted on the *Note* and *Mortgage* and thus CMI accelerated the *Note*.  *Id.*, ¶¶ 5-6.  CMI then commenced the Foreclosure Action by complaint dated July 11, 2011.  *See* docket attached hereto as **Exhibit C** ("*Dkt.*").  On August 23, 2011, Plaintiffs filed a request to participate in the foreclosure mediation program.  *See Dkt.* no. 102.00.  The court granted Plaintiffs' request and the parties met in several mediation sessions between October 26, 2011 and December 4, 2012.  *See* Foreclosure Action, *Motion for Termination of Mediation Stay* attached hereto as **Exhibit D**.  During this time, CMI informed Plaintiffs that they were not eligible for a loan modification due to loan modification restrictions set by the owner of the *Mortgage*, Hudson City Savings Bank, N.A. ("**Hudson**").  *See id.*  As Plaintiffs did not qualify for home retention options, the court terminated mediation on January 4, 2013.  *Dkt.* nos. 121.01.

On June 2, 2014, CMI moved for summary judgment as to liability against Plaintiffs, which motion was granted on October 10, 2014.  *See* Foreclosure Action, *Memorandum of Decision on Motion for Summary Judgment*, attached hereto as **Exhibit E**.  On November 26, 2014, Plaintiffs filed a motion to open and vacate the court's summary judgment ruling, arguing that CMI had improperly moved for, and obtained, summary judgment while a loan

modification application was pending.   *See* Foreclosure Action, *Motion to Open and Set Aside Summary Judgment and to Strike Summary Judgment Filings from the Record*, attached hereto as **Exhibit F**.  Plaintiffs' motion was denied, and, on July 23, 2015, Plaintiffs moved to dismiss the Foreclosure Action on the grounds that CMI was not the owner of the debt and thus lacked standing to foreclose.  *See* Foreclosure Action, *Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction*, attached hereto as **Exhibit G**.  The court denied Plaintiffs' motion to dismiss on November 30, 2015.  *See Dkt.* no. 149.10

On March 7, 2016, the superior court granted CMI a judgment of strict foreclosure and found, *inter alia*, that the outstanding debt under the *Note* and *Mortgage*, exclusive of fees and costs, totaled $960,871.75.  *See Notice of Judgment of Strict Foreclosure*, attached hereto as **Exhibit H**.  The law days were to run on May 23, 2016 but, prior to the extinguishment of Plaintiffs' equity of redemption, they filed an appeal with the Connecticut Appellate Court and commenced the instant action.

**B.**    **The *Complaint* In The Matter *Sub Judice***

The *Complaint* was filed on May 16, 2016.  It contains seven causes of action in connection with Plaintiffs' default under the *Note* and *Mortgage*, and the resulting foreclosure judgment, *viz.*: (a) violations of the *Real Estate Settlement Procedures Act*, 12 *U.S.C.* §§ 2601, *et seq.* ("**RESPA**") and *Regulation X*, 12 *C.F.R.* §§ 1024.00, *et seq.* ("**Regulation X**"); (b) violations of the *Connecticut Unfair Trade Practices Act*, Conn Gen. Stat. §§ 42-110b, *et seq.* ("**CUTPA**"); (c) violations of Connecticut's *Creditor's Collection Practices Act*, *Conn. Gen.*

AM 58267744.1

*Stat.* §§ 36a-645, *et seq.* ("*CCPA*"); (d) negligent misrepresentation (e) innocent misrepresentation; (f) negligent infliction of emotional distress; (g) vicarious liability of M&T.

The *Complaint's* essential factual allegations, at least as regards M&T, are that:

- Hudson acquired the *Mortgage* from CMI on, or about, November 27, 2007, but CMI retained servicing rights (*Compl.*, ¶ 13);

- CMI's servicing of the *Mortgage* is governed by a *Master Mortgage Loan Purchasing and Servicing Agreement* between CMI and Hudson dated November 26, 2007 (the "*PSA*") (*Id.*, ¶ 47);

- Under the *PSA*, CMI cannot, without authorization from Hudson, provide a mortgage modification that would, *inter alia*, change the interest rate, defer or forgive payment of principal or interest or change the outstanding principal amount, without authorization from Hudson (*Id.*, ¶ 47);

- Hudson held itself out to the public as offering mortgage modifications at least as early as February 1, 2012, and indicated that "it was actually going to review loans for a modification if the loan to value ratio ("LTV") of the loan was 95% or less" (*Id.*, ¶¶ 43-44); and

- Hudson employed, supervised and controlled CMI during its servicing of the *Mortgage* and is therefore responsible for CMI's conduct. (*Id.*, ¶¶ 177-184).

## III.   **APPLICABLE LEGAL STANDARD**

"The standards of review for a motion to dismiss under 12 (b) (1) for lack of subject matter jurisdiction and under 12 (b) (6) for failure to state a claim are 'substantively identical.'" *Economic Enterprises, Inc. v. T.D. Bank, N.A.*, 2011 WL 446891, at *2 (D.Conn., Feb. 3, 2011) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)). "However, on a motion

AM 58267744.1

to dismiss under Rule 12 (b) (1), the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under 12 (b) (6). *Id.*, 2011 WL 446891, at *2.

"[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Id.*, 2011 WL 446891, at *2. "A claim is properly dismissed for lack of subject matter jurisdiction under *Fed. R. Civ. P.* 12 (b) (1) when the court lacks the statutory or constitutional power to adjudicate the claim." *Boehringer Ingelheim Vetmedica, Inc. v. Merial, Ltd.*, 2010 WL 174078, at *3 (D. Conn. 2010). "On a Rule 12 (b) (1) motion to dismiss, the party asserting subject matter jurisdiction 'bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Id.*, quoting *Aurechione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005).

A civil action may also be dismissed when the complaint fails to state a claim upon which relief can be granted. *Fed. R. Civ. P.* 12 (b) (6). The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Schemer v. Rhodes,* 416 U.S. 232, 236 (1974). Although the reviewing court must normally view all allegations in the complaint in a light most favorable to the plaintiff, it need not credit bare conclusory allegations that are devoid of any factual enhancement. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 & fn. 3 (2007). To survive a motion to dismiss, the complaint must contain

AM 58267744.1

sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft*, 129

S.Ct. at 1949 (quoting *Bell Atl.,* 550 U.S. at 570) (internal quotation marks omitted).

## IV.   ARGUMENT

### A.    Plaintiffs' Claims Are Barred By *Res Judicata*.[4]

Under the doctrine of *res judicata*, "'a final judgment, when rendered on the merits, is

an absolute bar to a subsequent action, between the same parties *or those in privity with them*,

upon the same claim.'" *Saunders v. Principal Residential Mortgage, Inc.*, 2012 WL 4321974,

at * 5 (D.Conn. Sept. 20, 2012) (emphasis added), quoting *Dontigney v. Roberts*, 73 Conn.

App. 709, 710 (2002).   A subsequent lawsuit will be barred where the claim on which it is

based arises from the same incident, events, transaction or circumstances as the prior suit that

went to judgment.   *Ambase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 73 (2d

Cir. 2003).

> In other words, if the pleadings framing the issues in the first
> action would have permitted the raising of the issue sought to be
> raised in the second action, and if the facts were known, or could
> have been known to the plaintiff in the second action at the time of
> the first action, then the claims in the second action are precluded.
>
> *            *            *
>
> This rule against claim splitting 'is based on the belief that it is
> fairer to require a plaintiff to present in one action all of his
> theories of recovery relating to a transaction, and all of the
> evidence relating to those theories, than to permit him to prosecute

---

[4]   In its motion to dismiss, CMI argues that the *Rooker-Feldman* doctrine bars Plaintiffs' claims and, on a similar basis, that *res judicata* also applies.  M&T Bank was not a party to the Foreclosure Action and, consequently, has not here sought to invoke *Rooker-Feldman*.  For the reasons set forth herein, however, M&T Bank does assert that *res judicata* remains fully in play.

> overlapping or repetitive actions in different courts or at different times.'

*Id.* (internal quotation omitted); *see also Tuccio Custom Homes, LLC v. Lamonica,* 116 Conn.App. 527, 528–30 (2009) (*res judicata* applied to breach of contract claim for improper inspection because claim arose from same common nucleus of operative facts alleged in prior action claiming breach of contract for failure to close on property).

Here, a judgment in the Foreclosure Action entered on March 7, 2016. That judgment establishes that Plaintiffs' outstanding debt under the *Note* and *Mortgage* (exclusive of fees and costs) totaled $960,871.75, and that there was nothing improper in CMI's pursuit of the remedy of foreclosure, despite Plaintiffs' loss mitigation efforts. Regardless of how Plaintiffs frame their claims in the instant matter, the *Complaint* makes clear that those claims are all predicated upon allegedly wrongful acts committed in connection with the *Note* and *Mortgage*, and injuries resulting from the foreclosure judgment. Indeed, Plaintiffs ask this Court to ignore the foreclosure judgment and remove charges fees and interest from their mortgage account balance. *See Compl.*, Prayer ¶ i.

But the foreclosure could not have proceeded to judgment ***unless*** the superior court determined, in M&T and CMI's favor, the same issues Plaintiffs now raise here. In fact, the premise of Plaintiffs' claims in the case at bar were raised in the Foreclosure Action. Indeed, when Plaintiffs' were denied for a loan modification due to Hudson's loan modification restrictions, the superior court ordered that CMI disclose certain information regarding those restrictions to Plaintiffs. *See* **Exhibit D**. CMI provided this information and subsequently

AM 58267744.1

moved to terminate mediation because Plaintiffs did not qualify for any home retention options. *Id.* Plaintiffs did not object and CMI's motion to terminate mediation was granted on January 4, 2013. *See* **Exhibit D**; Foreclosure Action, *Dkt.* no. 121.01.

In addition, Plaintiffs' also argued in their motion to open and vacate summary judgment that CMI should, *inter alia*, be enjoined from obtaining a foreclosure judgment because it solicited loss mitigation documents from Plaintiffs, but did not review their loss mitigation application. *See* **Exhibit F**. Plaintiffs' motion was denied and the superior court subsequently granted CMI foreclosure. *See* Foreclosure Action, *Dkt.* no. 145.10; **Exhibit H**.

As all of the claims here made by Plaintiffs could have been raised in the Foreclosure Action and, more importantly, arise out of the same core of operative facts that gave rise to that proceeding, they are barred by *res judicata*.

The only remaining question, therefore, is whether M&T Bank is in privity with CMI for purposes of applying *res judicata*. In this regard, the *Complaint* makes clear that CMI services the *Mortgage* on behalf of Hudson. *See Compl.*, ¶¶ 13, 47. It is thus indisputable that, as owner and servicer, respectively, Hudson and CMI are in privity with one another. *See Bailey v. Deutsche Bank Trust Co. Americas*, No. 3:13-CV-00001 CAR, 2013 WL 820411, at *3 (M.D. Ga. Mar. 5, 2013) (finding privity between loan servicer and lender); *Huggins v. Bank Deutsche Nat'l TR CO TRS*, No. 2:11-cv-00147-KJD-LRL, 2011 WL 2976818, at *3-4 (D.Nev. July 21, 2011) (same).

D.      The *Complaint* Fails To State Claims Upon Which Relief Can Be Granted.

        1.      The First Cause Of Action Fails To Sufficiently Allege Actual Or Statutory Damages Under 12 *U.S.C.* § 2605 (f) And Must Be Dismissed.

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

        2.      Count I Of The First Cause Of Action Fails To State A Violation Of 12 *C.F.R.* § 1024.41.

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

        3.      Counts II and V of the First Cause of Action Must Be Dismissed Because There Can Be No Private Cause Of Action Under 12 *C.F.R.* § 1024.40.

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

        4.      Plaintiffs' *CUTPA* Claims Are Legally Insufficient And Are Barred By The Statute Of Limitations.

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

        5.      Plaintiffs' *CCPA* Claim Must Be Dismissed Because CMI Was Not Collecting A Debt and Because It Is Time-Barred.

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

AM 58267744.1

6.     **Plaintiffs' Negligent Misrepresentation Claims Must Be Dismissed Because CMI Did Not Owe A Duty Of Care To Plaintiffs And Because They Are Time-Barred.**

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

7.     **The Complaint's Fifth Cause Of Action Must Be Dismissed Because There Was No Sale, Rental Or Exchange Transaction.**

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

8.     **The Negligent Infliction of Emotional Distress Claim Must be Dismissed As CMI Does Not Owe A Duty of Care And Any Distress That Plaintiffs Allegedly Suffered Was Not Caused By CMI And Was Not Foreseeable.**

M&T respectfully incorporates the arguments of CMI as set forth in its motion to dismiss and accompanying memorandum of even date herewith.

9.     **Plaintiffs' Claims Against M&T Must Be Dismissed Because Plaintiffs' Have Failed To State A Claim Against CMI.**

The Seventh Cause of Action alleges that M&T is liable for CMI's conduct.  However, Plaintiffs' claim is premised entirely on the preceding allegations of the *Complaint*. *See Compl.*, ¶¶ 111,113.  Those allegations do not set forth legally sufficient claims against CMI. As such, Plaintiffs have failed to state a cause of action for which M&T can be vicariously liable.

- 11 -

V.    **CONCLUSION**

For all of the foregoing reasons, the *Complaint* should be dismissed in its entirety.

Respectfully submitted,

 M&T BANK,


By:   */s/Donald E. Frechette*
        Donald E. Frechette (ct08930)
        Tara L. Trifon (ct28415)
        Locke Lord LLP
        20 Church Street, 20th Floor
        Hartford, CT 06103
        Phone: (860) 525-5065
        Fax: (860) 527-4198
        Email: donald.frechette@lockelord.com
        Email: tara.trifon@lockelord.com

        *Attorneys for M&T Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.


                                                    /s/ Donald E. Frechette
                                                    Donald E. Frechette

AM 58267744.1