# EXHIBIT B

| | |
|---|---|
| **DOCKET NO.: MMX-CV11-6005630-S** | **SUPERIOR COURT** |
| **CITIMORTGAGE, INC.** | **JUDICIAL DISTRICT OF MIDDLESEX** |
| **V.** | **AT MIDDLETOWN** |
| **RICHARD TANASI, ET AL.** | **SEPTEMBER 2, 2015** |

### CITIMORTGAGE, INC.'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff CitiMortgage, Inc. ("Plaintiff" or "CitiMortgage") respectfully submits this objection to the motion to dismiss (the "*Motion*") filed on July 23, 2015, dkt. no. 149.00, by defendants Richard Tanasi ("Mr. Tanasi") and Athanasula S. Tanasi ("Ms. Tanasi;" collectively with Mr. Tanasi, "Defendants").

Throughout the *Motion*, Defendants repeatedly claim that Plaintiff lacks standing to foreclose because it is not the owner of the subject note. In particular, they contradictorily argue that "Plaintiff never claimed to be the owner of the debt" but "never informed the court that it was not the owner of the debt or that it was not relying on the rebuttable presumption of ownership." *See Motion*, p. 2. It appears that the crux of Defendants' argument is that Plaintiff "claimed to be the holder of the note and fraudulently invoked the rebuttable presumption of ownership." *Id.*

But Defendants' arguments are based on a faulty premise: that Plaintiff invoked the rebuttal presumption of ownership and that, even if it did invoke that presumption, that this inherently means Plaintiff has informed the Court that it is the owner of the subject *Note*.

There is no dispute that, as Plaintiff has repeatedly stated, it is the holder of the *Note* and therefore has standing to foreclose. At bottom, and to borrow from the Bard, Defendants' *Motion* is Much Ado About Nothing.[1]

## I.  BACKGROUND

On August 2, 2007, Defendants executed a note in favor of ABN AMRO Mortgage Group, Inc. ("ABN"), in the original principal amount of $656,250.00 (the "*Note*"). *Compl.*, ¶ 3. On the same date, and to secure repayment of the *Note*, Defendants also executed a mortgage in favor of ABN (the "*Mortgage*"), encumbering the property located at 27 Briarwood Drive, Old Saybrook, Connecticut (the "Property"). *Compl.*, ¶ 4. The *Mortgage* was recorded on August 8, 2007 in volume 516 at page 568 of the Old Saybrook land records. *Compl.*, ¶ 4. Defendants defaulted under the terms of the *Note* and *Mortgage* by failing to make the required monthly payments to Plaintiff. *See Compl.*, ¶ 5. After failing to cure the default, Plaintiff elected to accelerate the sums due and owing under the *Note* and commenced the instant action on or about July 11, 2011. *See Docket*, generally. Prior to commencement of the instant action, ABN merged into CitiMortgage. In addition, Plaintiff possesses the original *Note*, which is endorsed in blank.

On April 10, 2013, after almost two (2) years of mediation, Defendants filed a motion to strike the prayers for relief in Plaintiff's *Complaint*. *See* Dkt. No. 124.00. The basis for this motion was, *inter alia*, that "plaintiff was required to plead ownership if its intention was to

---

[1] William Shakespeare, Much Ado About Nothing.

state a claim for foreclosure of the mortgage." *See* Dkt. No. 125, p. 4. Additionally, Defendants argued that Plaintiff cannot seek to establish ownership of the *Note* because it had only pled holder status in the *Complaint*. *Id.*, p. 8. Plaintiff filed an objection, pointing out that a plaintiff can have standing to foreclose in its "representative capacity." *See* Dkt. No. 126.00, pp. 3-4. On May 21, 2013, the Court denied Defendants' motion to strike, stating that the "allegations in the complaint are legally sufficient to support all the claims for relief that the defendants seeks to strike." *See* Dkt. No. 124.10.

On June 2, 2014, Plaintiff filed a motion for summary judgment (the "*MSJ*"). *See* Dkt. No. 138.00. In its accompanying memorandum of law (dkt. no. 139.00), Plaintiff specifically stated that the supporting affidavit and evidence "clearly establish the Plaintiff is the holder of the *Note*, and the *Note* is in default." *See* Dkt. No. 138.00, pp. 9-10. Defendants filed an objection, observing that, in the *Complaint*, Plaintiff only alleged that it was the holder of the *Note* and that it had made no allegation that it was the owner of the debt. *See* Dkt. No. 142.00, p. 8. Consequently, Defendants argued that Plaintiff did not have standing to foreclose because lacked such ownership. *Id.*, p. 9. Specifically, Defendants argued that "the Supreme Court confirmed that only the owner of the debt has the right to foreclose the mortgage" and thus "only the owner of the debt has the right to foreclose and the owner can rely on the rebuttal presumption of ownership that arises from holder status to make out a prima facie case of ownership." *Id.* On October 10, 2014, this Court granted Plaintiff's *MSJ*, stating that Plaintiff

has alleged that it is the holder of the *Note* and as such has authority to foreclose. *See* Dkt. No. 143.00, pp. 5-6.

Defendants now wish to contest Plaintiff's standing for the third time by filing the *Motion*. *See* Dkt. No. 149.00. In the *Motion*, Defendants claim that the "Supreme Court has observed that (i) standing to foreclose lies with the owner of the debt or the person vested by the owner with the right to foreclose; and (ii) the holder of the note enjoys a rebuttable presumption that it also is the owner of the note." *See Motion*, p. 1. Defendants also claim that the Appellate Court has "observed that a plaintiff claiming only 'holder' status automatically invokes the rebuttal presumption of ownership." *Id.* Defendants acknowledge that Plaintiff never claimed to be the owner of the debt but then clumsily state that Plaintiff never informed the court that it was not the owner of the debt or that it was not relying on the rebuttable presumption of ownership. *Id.*, p. 2. Instead, Defendants' *Motion* baldly argues that Plaintiff "claimed to be the holder of the note and fraudulently invoked the rebuttable presumption of ownership." *Id.*

In the *Motion*, Defendants argue that the foreclosure action should be dismissed for lack of subject matter jurisdiction. Defendants' first argument is that Plaintiff is judicially estopped from asserting anything other than owner status. *See Motion*, p. 13. Defendants' second argument is that Plaintiff is bound by its alleged invocation of the presumption of ownership. *Id.*, p. 22. Defendants' third argument is that they would be deprived of due process if Plaintiff is permitted to change its allegedly claimed status of owner. *Id.*, p. 24. Finally, Defendants

argue that Plaintiff "perpetuated a fraud on the Court which warrants dismissal with prejudice." *Id.*, p. 27.

Of course, none of these arguments make any sense as Plaintiff has **repeatedly** stated that it is only the holder of the *Note* and has never once claimed that it was the owner, or entitled to the presumption that it is the owner. Additionally, in granting the *MSJ*, the Court did not find that Plaintiff was a holder entitled to a presumption of ownership. Instead, the Court specifically found that "[t]he holder of the note has the power to enforce payment [pursuant to] Connecticut General Statutes § 42a-3-301. As such, [when] a maker's signature has been established, the holder is entitled to recover upon the note and mortgage unless the defendant establishes a defense." *See* Dkt. No. 143.00, p. 4.

## II. LEGAL ARGUMENT

### A. Plaintiff Has Never Claimed That It Is The Owner Of The *Note* And As Such Defendants' Judicial Estoppel Argument Is Moot.

Defendants assert, sans citation or evidence, that Plaintiff asserted its holder status "to invoke the rebuttable presumption of ownership." *See Motion*, p. 13. Defendants also claim that the Court, "relying on plaintiff's holder assertion, did indeed invoke the rebuttable presumption of ownership in denying the motion to strike and in granting the summary judgment motion." *Id.* Defendants even go so far as to say that by asserting holder status, Plaintiff "**as a matter of law**, invoked the ownership presumption." *Id.*, p. 15 (emphasis added). In making the claims, Defendants attempt to gloss over the simple reality that neither

Plaintiff nor the court has ever stated that Plaintiff is the owner of the underlying debt, or that it should be presumed to be the owner. It appears that Defendants arguments are simply based on a complete lack of understanding of Plaintiff's arguments, this Court's decisions, and the prevailing case law in the state of Connecticut.

Plaintiff has consistently asserted that it is the **holder** of the *Note*. *See* Dkt. No. 143.00, p. 4. As this Court established in the decision on the *MSJ*, Plaintiff alleged in the *Complaint* and in the affidavit in support of the *MSJ*, that it is the holder of the *Note*, and Defendants presented no evidence to contradict those allegations. *Id*, pp. 3-4. As the Court further noted in the decision, the "holder of the note has the power to enforce payment [pursuant to] Connecticut General Statutes § 42a-3-301." *Id*., p. 4 (emphasis added). Even Defendants acknowledge that Plaintiff has only claimed that it is a holder, not owner, of the *Note*. *See Motion*, pp. 2 and 13.

Despite acknowledging that Plaintiff is the holder, and that the UCC permits a holder to enforce the negotiable instrument, Defendants now argue that Plaintiff should only be permitted to claim that it is the owner. But the only mention of Plaintiff being entitled to a presumption of ownership is in the Court's decision on the *MSJ*. The Court specifically stated that the "Supreme Court has held that 'a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statues] § 49-17 . . . The production of the note establishes his prima facie case against the makers and he may rest there . . . It [is] for the defendant to set up and prove the facts which

- 6 -

limit or change the plaintiff's rights.'" *See* Dkt. No. 143.00, pp. 5-6. Defendants have not, and cannot, cite to one example of where **Plaintiff** argued that it was the owner, or that it was entitled to the presumption of ownership, by alleging that it was the holder of the *Note*.

Even assuming that Plaintiff invoked the presumption of ownership simply by alleging that it is the holder, which it strongly disputes, Defendants argue that Plaintiff should be judicially estopped from arguing that the owner authorized it to commence the foreclosure. As Defendants argue (again without citation to precedent), "the Tanasis had a fundamental right to know, at the commencement of the litigation, which of these two statuses plaintiff claimed: owner of the debt or vested by the owner with the right to foreclose." *See Motion*, p. 16. Of course, Defendants ignore the fact that they had failed to produce any evidence whatsoever in the *MSJ* filings or in their motion to strike, to which Plaintiff needed to respond. The first time they produced affidavits, and supporting documents, was in support of the instant *Motion*. Permitting Defendants to produce evidence at the last minute, and then prohibiting Plaintiff from responding would indeed be sanctioning trial by ambush, as Defendants themselves claim Plaintiff is here trying to achieve.

Furthermore, and again assuming *arguendo* that Plaintiff invoked the ownership presumption, the Supreme Court's decision in *J.E. Robert Co., Inc. v. Signature Properties, LLC*, 309 Conn. 307 (2013) also leads to the inevitable conclusion that a plaintiff does not need to present any evidence to demonstrate that it has been vested with the right to foreclose until a defendant challenges that presumption.

- 7 -

> Our statement in *RMS Residential Properties, LLC v. Miller* . . . that 'a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under § 49-17,' was not intended to suggest that mere proof that someone other than the party seeking to foreclose is the owner of the note will require dismissal for lack of standing. Rather, under such circumstances, the burden would shift back to the plaintiff to demonstrate that the owner has vested it with the right to receive the money secured by the note. To the extent that our statement in *RMS Residential Properties, LLC*, can be read otherwise, it is hereby overruled.

*J.E. Robert*, 309 Conn. at 326, fn. 18. Here, Defendants failed to "set up and prove the facts which limit or change the plaintiff's rights," as required by *RMS Residential Properties, LLC v. Miller*, 303 Conn. 224, 232 (2011). As such, any claim that Plaintiff should now be estopped from rebutting the ownership presumption that it allegedly invoked is moribund.

**B.     Plaintiff Has Consistently Stated That It Is The <u>Holder</u> Of The *Note*.**

Defendants also claim that Plaintiff cannot change its claim from ownership of the debt to non-owner vested by the owner, when faced with a motion to dismiss. *Motion*, p. 23. Moreover, Defendants argue that "permitting plaintiff to change its claimed status now would be tantamount to permitting plaintiff to amend its complaint to correct plaintiff's own misrepresentation . . . ." *Id.* Indeed, Defendants go so far as to assert that if Plaintiff is permitted to argue that it is the owner vested with authority to foreclose, they would be deprived of due process. *Id.*, pp. 24-33.

Of course, Defendants again ignore the fact that Plaintiff has <u>only</u> stated that it is the **holder** of the *Note*, not the owner. *See Compl.*, ¶ 4. Thus Defendants statement that they did

- 8 -

not have "fair notice that plaintiff might claim that the owner vested it with the authority to foreclose," is just plain wrong. *See Motion*, p. 25.

### C. Plaintiff Did Not Perpetuate A Fraud On The Court.

Defendants' argue that Plaintiff perpetuated a fraud because it "never informed the court that plaintiff did not, and does not now, own the debt." *Motion*, p. 27. It appears that Defendants are erroneously inferring that, by stating it is the holder of the *Note*, Plaintiff was actually stating that it is the owner of the debt. *Id.* pp. 27-28. However, there is nothing in the record to substantiate this claim.

Additionally, Defendants' argument hinges upon a flawed understanding of the applicable case law regarding a holder's ability to foreclose. Defendants specifically rely upon Plaintiff's argument in the *MSJ* when it stated that it "need not prove that it is the owner" in order to foreclose. *Id.*, p. 28. But this is a correct statement. As the Appellate Court's found in *Kennedy Funding, Inc. v. Greenwich Landing, LLC*, 135 Conn. App. 58 (2012), a holder has the authority to foreclose when the owner authorizes that holder to exercise such a right:

> The record establishes that the principals designated the plaintiff as the payee and holder of a negotiable promissory note documenting the defendants' indebtedness. By this designation, the principals unequivocally manifested their intention to authorize the plaintiff to exercise the rights that the law of negotiable instruments confers on the holder of a negotiable promissory note. *See RMS Residential Properties, LLC v. Miller*, supra, 303 Conn. at 230-31. The Uniform Commercial Code, in General Statutes § 42a-3-301, codifies prior law that such a holder is "entitled to enforce" the instrument.

- 9 -

AM 513298562

*Id.* at 64. Here, Plaintiff has consistently represented that it is the holder, and indeed the Court acknowledged that status and the authority that comes with it pursuant to *Connecticut General Statutes* § 42a-3-301 in the decision on the *MSJ*. *See* Dkt. No. 143.00, p. 4.

At bottom, Plaintiff has not, and Defendants cannot demonstrate, that it "wrongfully, repeatedly, deceptively, willfully and in bad faith invoked the rebuttable presumption of ownership and withheld the truth from the court." *See Motion*, p. 32. The factual history of this case, the representations made by Plaintiff, and the decisions made by this Court, simply do not support a finding that Plaintiff is not a holder entitled to enforce the *Note* and foreclose on the Property.

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' *Motion in toto.*

**PLAINTIFF,
CITIMORTGAGE, INC.**

BY  */s/ Tara L. Trifon*
  Donald E. Frechette
  Tara L. Trifon
  Locke Lord LLP
  Juris No. 404401
  20 Church Street
  Hartford, CT 06103
  P: (860) 541-7750; F: (860) 527-4198
  donald.frechette@lockelord.com
  tara.trifon@lockelord.com
  *Its Attorneys*

- 10 -

AM 84429856.2

## CERTIFICATE OF SERVICE

This shall certify that a copy of the foregoing was served by first class mail, postage prepaid, this 2nd day of September, 2015 upon the following:

Hunt Leibert Jacobson PC
50 Weston Street
Hartford, CT 06120

Begos Brown & Green LLP
2425 Post Road
Suite 205
Southport, CT 06890

Beckett Law LLC
543 Prospect Avenue
Hartford, CT 06105

/s/ *Tara L. Trifon*
Tara L. Trifon, Esq.