# EXHIBIT D

| | |
|---|---|
| DOCKET NO.: MMX-CV-11-6005630-S | : SUPERIOR COURT |
| CITIMORTGAGE, INC. | : JUDICIAL DISTRICT OF<br>: MIDDLESEX |
| V. | : AT MIDDLETOWN |
| RICHARD TANASI, ET AL. | : DECEMBER 27, 2012 |

## MOTION TO TERMINATE MEDIATION STAY

Plaintiff moves this Court to terminate the mediation stay pursuant to Connecticut General Statutes Section 49-31n as there are no loan modification options that the above-named Plaintiff can offer the Defendants, Richard Tanasi and Athanasula Tanasi (the "Defendants"), at mediation to resolve this matter.

STATEMENT OF FACTS:

1. The Plaintiff commenced the present civil action by Writ Summons and Complaint, dated on or about July 11, 2011, as a result of the Defendants' failure to repay a Note, dated August 2, 2007, and all addendums thereto, if any, in the original principal amount of $656,250.00 (the "Note"). The Note is secured by a Mortgage, dated August 2, 2007, and all riders thereto, if any (the "Mortgage"), on that certain or parcel of real property known as 27 Briarwood Drive, Old Saybrook, Connecticut (the "Property").

2. The Defendants first missed their mortgage payment on or about July 1, 2010, and have not made further payments.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

3. On or about August 28, 2011, the Court entered an order granting the Defendants' request to participate in the Foreclosure Mediation Program.

4. The parties met in numerous mediation sessions between October 26, 2011 and December 4, 2012.

5. At the mediation session on December 15, 2011 the Defendants were informed of their denial for any type of loan modification due to investor restrictions. The borrowers indicated that they were going to obtain counsel.

6. During the following mediation session on February 1, 2012 the Defendants attended with their counsel at which time the Plaintiff agreed to accept updated financial documents to be submitted to the investor for review.

7. When the Defendants were denied, once again, for a loan modification due to investor restrictions, a status conference was held before Judge Morgan on June 5, 2012. After this conference, the Court ordered disclosure of certain information regarding the investor restrictions to the Defendants only. The Plaintiff provided this information to the Defendants on or about July 12, 2012 with additional information being provided on or about September 18, 2012.

8. There have been two subsequent mediation sessions on October 25, 2012 and December 4, 2012 which have not resulted in a resolution of this foreclosure action.

9. As such, the Plaintiff seeks to terminate the mediation stay as this case has been in mediation for over a year, and the Defendants do not qualify for any retention options.

LEGAL ARGUMENT:

In Connecticut, the courts have recognized the foreclosing plaintiff's rights in the subject property and the need for an orderly foreclosure procedure that necessarily must conclude. First Nat. Bank of Chicago v. Luecken, 66 Conn.App. 606 (2001).

The State's judiciary's policy is to have foreclosure cases move as swiftly as possible through the court system. *See*, First Nat. Bank of Chicago v. Luecken, *supra*; Suffield Bank v. Berman, 25 Conn.App. 369, 373, *cert. dismissed*, 220 Conn. 913, *cert. denied*, 220 Conn. 914 (1991). There is no case law that stands for the proposition that a foreclosure judgment should be left in abeyance indefinitely to provide a defaulting borrower the opportunity to negotiate a workout.

Additionally, "[u]nless provided for in the loan documents, the lender has no duty to enter into workout negotiations with a mortgagor, therefore, a failure to do so does not implicate the making, validity or enforcement of the note." GMAC Mortgage Corp. v. Ferrante, 1997 Conn. Super. LEXIS 2680, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343559 (October 3, 1997, West, J.); see also Dime Savings Bank of New York, FSB v. Furey, 1996 Conn. Super. LEXIS 882, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996) (Curran, J.); Berkeley Federal Bank & Trust v. Rotko, 1996 Conn. Super. LEXIS 249, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996) (West, J.); Berkeley Federal Bank & Trust v. Phillips, 1996 Conn. Super. LEXIS 176, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996) (West, J.). In the present matter, no duty as such is provided for in the Note or Mortgage nor does the Defendant point to such terms in said documents. "Courts in Connecticut have consistently recognized that there is no duty on the part of the mortgage holders to negotiate or enter into any different

payment schedules from those set forth in a mortgage and note, and that there is no duty to enter into a workout arrangements unless such is called for in the initial mortgage or note." *New Haven Savings Bank v. The Homesteads Community at Newtown, LLC*, 2003 Conn. Super. LEXIS 2410, Superior Court, judicial district of Stamford-Norwalk at Stamford, Complex Litigation Docket at Stamford, Docket No. X08CV030193245S (August 29, 2003, Adams, J.), *citing Equicredit Corp. of American v. Pelizari*, Superior Court, judicial district of Tolland at Rockville, Docket No. CV020077555S (April 4, 2003, Scholl, J.).

[Remainder of page intentionally left blank]

CONCLUSION:

Any further delay will prejudice the Plaintiff unfairly and without basis.

WHEREFORE, based on the foregoing, the Plaintiff moves the Court to terminate the mediation stay pursuant to Connecticut General Statutes Section 49-31n.

Plaintiff

By:
_____302136_____
Valerie A. Finney
Hunt Leibert Jacobson, P.C.
Its Attorneys
50 Weston Street
Hartford, CT 06120
860-808-0606
Juris No. 101589

## **ORDER**

The foregoing Motion having been presented to the Court, after hearing had, it is hereby ORDERED:

        GRANTED/DENIED.

        BY THE COURT

        _____

        Judge/Clerk

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed or electronically delivered on December 27, 2012 to the following and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served:

ATHANASULA S. CASBERG TANASI
27 BRIARWOOD DRIVE
OLD SAYBROOK, CT 06475

RICHARD TANASI
27 BRIARWOOD DRIVE
OLD SAYBROOK, CT 06475

SUZANN LEIGH BECKETT
suzannb@beckett-law.com

          _____302136_____
          Valerie A. Finney
          Attorney for the Plaintiff

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.
*259136*