# EXHIBIT E

DOCKET NO. MMX-CV-11-6005630    :    SUPERIOR COURT

CITIMORTGAGE, INC.    :    JUDICIAL DISTRICT OF

V.    :    MIDDLESEX

RICHARD TANASI, ET AL    :    OCTOBER 10, 2014

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Citimortage, Inc., has moved for summary judgment on the grounds that there are no genuine issues of material fact as to the defendants, Richard Tanasi and Athanasula S. Tanasi(the "defendants") and that the plaintiff is entitled to summary judgment as a matter of law. The plaintiff has supported its motion with the affidavit of Glenna S. Feeley, which appends the Note, Mortgage, Certificate of Merger and Notice of default. The defendants have failed to produce any evidence in opposition to the summary judgment motion.

Facts

The complaint alleges that on August 2, 2007, the defendants executed and delivered to ABN AMRO Mortgage Group, INC.("ABN"), a Note (the "Note") for a loan in the original principal amount of $656,250.00. On the same date, to secure said Note, the defendants executed and delivered a mortgage(the "Mortgage") on the property known as 27 Briarwood Drive, Old Saybrook, Connecticut(the "Property"). The Mortgage is dated August 2, 2007 and recorded August 8, 2007,

STATE OF CONNECTICUT
MIDDLESEX
JUDICIAL DISTRICT OF

2014 OCT 10 PM 3 42

SUPERIOR COURT
OFFICE OF THE CLERK

in Volume 516 at Page 568 of the Old Saybrook Land Records.   Prior to the commencement of this action, ABN merged into Citimortgage, Inc., the plaintiff.   The Note is endorsed in blank and the plaintiff possesses the original endorsed in blank.

The defendants have failed to make the monthly principal and interest payments as required by the Note and Mortgage. By notice dated January 4, 2011 the plaintiff advised the defendants of the default under the Note and Mortgage. Based upon the failure to cure the default, the plaintiff accelerated the sums due and owing under the note.

On November 11, 2013, the defendants filed an answer and special defense.   The answer admits that the defendants have "title" to the Property.   The answer also admits that the defendants signed the Note and Mortgage.   The balance of the answer either denies that allegations of the complaint or states that the defendants have insufficient information to respond.   The special defense states: "Pursuant to C G S § 42a-3-308, the Tanasis specifically deny the authenticity of, and the authority to make, each signature on the Note, or any paper affixed to the Note, except their signatures."

Discussion of the Law and Ruling

Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide

2

an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) *Schilberg Integrated Metals Corp. v. Continental Casualty Co.*, 263 Conn. 245, 251-52, 819 A.2d 773 (2003). "A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial court's decision to grant the plaintiff's motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *H.O.R.S.E. of Connecticut, Inc. v. Washington,* 258 Conn. 553, 560, 783 A.2d 993 (2001).   Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." *Wilson v. City of New Haven*, 213 Conn. 277, 279, 567 A. 2d 829 (1989).

The existence of a genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence. *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A. 2d 1107 (1997).   It is not enough for the opposing party merely to assert the existence of a disputed issue. *Daily* v. *New Britain Machine Co.*, 200 Conn.562, 569, 512 A. 2d 893(1986).   A defendant's general denial of liability in a foreclosure action is insufficient as a matter of law to create any genuine issue of material fact. *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 704-705, 807 A. 2d 968 (2002).

In the complaint, the plaintiff alleges that the defendants executed a Note in the amount of $656,250 on August 2, 2007 and the defendants executed the Mortgage on the Property on that same date.  The plaintiff alleges that it is the holder of the Note and Mortgage and further alleges that the Note and Mortgage are in default, that the plaintiff has accelerated the indebtedness, notified the defendants in writing of their default and that the defendants have failed, refused and neglected to make payments pursuant to the terms of the Note and Mortgage.  The plaintiff has presented the

3

affidavit of Glenna S. Feeley, Vice President-Document Control for Citimortgage, Inc., which provides evidence of the foregoing. The defendants have presented no evidence to contradict the foregoing allegations.

When a party issues a promissory note, he agrees to pay the instrument according to its terms. Connecticut General Statutes §§ 42a-3-103(5), 42a-3-412. The holder of the note has the power to enforce payment Connecticut General Statutes § 42a-3-301. As such, then a maker's signature has been established, the holder is entitled to recover upon the note and mortgage unless the defendant establishes a defense.

Under the terms of the Mortgage deed, the defendants gave the plaintiff a Mortgage to secure the payment of the Note. The terms of the Mortgage determine the plaintiff's right to foreclose the mortgage. *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 611, 717 A. 2d 713 (1998). In this case the Mortgage Deed provides that upon a default under the Note, the plaintiff is entitled to foreclose on the Mortgage, demand immediate payment of all sums dues and owing, and collect all expenses incurred in pursing its remedy.

Foreclosure actions are instituted to enable a mortgagee or lienor to cut off equities of redemption and bring enforcement or perfection to its incomplete title. *Pettus* v. *Gault*, 81 Conn. 415, 71 A.509 (1908). When the plaintiff establishes that it is the holder of the Note and satisfies the Court of its nonpayment, it establishes its right to avail itself of such security as the mortgage affords. *See: New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 611, 717 A. 2d 713 (1998); *Fleet* v. *Nazareth*, 75 Conn. App. 791, 818 A. 2d 69(2003). The plaintiff has submitted evidence establishing that it is the holder of the Note and Mortgage and that same are in default. Therefore, the plaintiff may foreclose on the Mortgage securing the Note. *Fleet, supra*, at 794-95.

4

"The possession by the bearer of a note indorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business before maturity and without notice of any circumstances impeaching its validity. The production of the note established his case *prima facie* against the makers and he may rest there. . . . It [is]for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Citations omitted; internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 232, 32 A. 3d 307 (2011), quoting *Garris* v. *Calchman*, 118 Conn. 112, 115, 170 A. 789 (1934).

In this case, the affidavit of   Glenna Feeley establishes that the plaintiff possesses the original Note endorsed to blank and the plaintiff has possessed it since before the commencement of the action. The original lender endorsed the Note specifically to the plaintiff. Thus, the plaintiff has presented evidence to establish that the plaintiff is the holder of the Note, the Note is in default and the plaintiff is entitled to summary judgment as to liability as a matter of law.

In opposition to the plaintiff's motion for summary judgment, the defendants argue that it is procedurally improper for the plaintiff to seek summary judgment as to liability in a foreclosure action. There is no appellate case law to support this argument. To the contrary, the appellate courts of this state have on numerous occasions affirmed the granting of summary judgment as to liability only in foreclosure cases. See, e.g., *U.S. Bank, N.A.* v *Foote*, 151 Conn. App. 620 (2014); *GMAC Mortgage LLC* v. *Ford*, 144 Conn. App. 165, 73 A. 3d742(2013); *Wells Fargo Bank, N.A.* v. *Tarzia*, 150 Conn. App. 660 (2014); *Federal National Mortgage Association* v. *Bridgeport Portfolio, LLC*, 150 Conn. App. 610 (2014).

The defendants also argue, again without any authority, that since the plaintiff has not alleged that it is "the owner of the debt," it cannot foreclose. Our Supreme Court has held that "a holder of

5

a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes] § 49-17.... The production of the note establishes his case prima facie against the makers and he may rest there.... It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 231-32, 32 A.3d 307 (2011).

For the foregoing reasons, summary judgment as to liability only may enter in favor of the plaintiff against the defendants, Richard Tanasi and Athanasula S. Tanasi.

By the court,

Aurigemma, J.

6