# EXHIBIT G

DOCKET NO. MMX-CV11-6005630-S

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF |
| | : | MIDDLESEX |
| – against – | : | |
| | : | AT MIDDLETOWN |
| RICHARD TANASI A/K/A RICHARD F. | : | |
| TANASI, ET AL, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | July 23, 2015 |

### Brief in Support of Motion to Dismiss for Lack of Standing

Defendants, Richard Tanasi and Athanasula Tanasi, submit this brief in support of their motion to dismiss the action because plaintiff lacks standing to foreclose which deprives the court of subject matter jurisdiction.

### Preliminary Statement

Our Supreme Court has observed that (i) standing to foreclose lies with the owner of the debt or the person vested by the owner with the right to foreclose; and (ii) the holder of the note enjoys a rebuttable presumption that it also is the owner of the note. Our Appellate Court has observed that a plaintiff claiming only "holder" status automatically invokes the rebuttable presumption of ownership.

In their brief opposing plaintiff's summary judgment motion, the Tanasis warned that "[t]he presumption of ownership does not relieve plaintiff from its obligation to make a factual allegation of ownership in the complaint. If that were the case, a holder who knows that it is not the owner could truthfully allege holder status and thus fraudulently

invoke the presumption of ownership." (Doc. 142 at 12). That is exactly what plaintiff has done in this case.

Plaintiff never was and is not now the owner of the debt. Plaintiff never claimed to be the owner of the debt. Plaintiff never informed the court that it was not the owner of the debt or that it was not relying on the rebuttable presumption of ownership. Nor did plaintiff ever claim that it was vested by the owner with the right to foreclose. Instead, plaintiff claimed to be the holder of the note and fraudulently invoked the rebuttable presumption of ownership.

Because plaintiff knowingly misrepresented its lack of ownership status, and effectively perpetrated a fraud on the court, it is now precluded from attempting to show that it has the owner's authority to foreclose. The action must be dismissed.

## Statement of Facts

**Plaintiff Knew Prior to the Action that it does Not Own the Debt**

The Tanasis began having financial trouble in 2009 and generally were one or two payments behind during that year (A. Tanasi Aff. ¶ 2; R. Tanasi Aff. ¶ 2).[1] They contacted plaintiff seeking a modification to avoid falling behind further (A. Tanasi Aff. ¶ 2; R. Tanasi Aff. ¶ 2). In a telephone conversation in or about November 2009, plaintiff informed the Tanasis that they were not eligible for any mortgage modification program because the investor, Hudson City Savings Bank, did not participate in any programs (A. Tanasi Aff. ¶ 3; R. Tanasi Aff. ¶ 3).

---

[1] "A. Tanasi Aff." refers to the accompanying Affidavit of Athanasula Tanasi and "R. Tanasi Aff." refers to the accompanying Affidavit of Richard Tanasi.

After plaintiff commenced the action, the Tanasis participated in the foreclosure mediation program (Docs. 102, 102.10). At the December 15, 2011 mediation, plaintiff disclosed that "Hudson City Savings Bank is the private investor…. Hudson City does not modify loans nor are they required to do so. They do not participate in HAMP or FHA….and as a private investor they are not required to participate in any programs." (A. Tanasi Aff. ¶ 4 & Ex. A).

The Tanasis requested that plaintiff provide documents to support its claim that investor restrictions precluded modification. By order dated June 5, 2012, the court ordered plaintiff "to submit to the defendants on or before June 18, 2012 a copy of the plaintiff's operative documents … from which the defendants may determine … the name of the investor" among other things (Doc. 114.10).

In response, in July or September 2012, plaintiff provided the Tanasis with a document captioned "Master Mortgage Loan Purchase and Servicing Agreement" purportedly between "Hudson City Savings Bank … (Initial Purchaser)" and "CitiMortgage, Inc. … (Seller and Servicer)" which is "Dated and effective as of November 26, 2007".

Without disclosing whether it was still subject to the "investor restriction," plaintiff continued to invite the Tanasis to apply for a modification. The most recent application culminated in a February 17, 2015 letter from plaintiff declining to offer the Tanasis a modification because:

> We service your loan on behalf of HUDSON CITY SAVINGS BANK whom [sic] has not given us the contractual authority to modify your loan under [the Government's Home Affordable Modification Program].

(A. Tanasi Aff. Ex. B).

3

The Tanasis requested reconsideration and received an April 6, 2015 letter from plaintiff denying reconsideration because:

> We service your loan on behalf of Hudson City Savings Bank whom [sic] has not given us the contractual authority to modify your loan under this program.

(A. Tanasi Aff. Ex. C).

## Plaintiff Deceived the Court into Improperly Invoking the Rebuttable Presumption of Ownership

Plaintiff commenced this action in July 2011 (Return of Service). The complaint contains a single count which alleges that the Tanasis signed a note and mortgage in favor of ABN AMRO Mortgage Group, Inc. on or about August 2, 2007 (Complaint ¶¶ 3 & 4); "ABN AMRO Mortgage Group, Inc. merged into CitiMortgage, Inc. … effective … September 1, 2007" (Complaint ¶ 4); and "Plaintiff … is the holder of said Note and Mortgage" (Complaint ¶¶ 4 & 5). There is no allegation that plaintiff owns the debt or has been vested by the owner with the right to foreclose.

In December 2011, our Supreme Court issued its decision in *RMS Residential Properties v. Miller*, 303 Conn. 224 (2011). The decision recognized the distinction between owner and holder and confirmed that only the owner of the debt has the right to foreclose the mortgage, as follows:

> The defendant contends, however, that the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability), and that a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure. *New England Savings Bank v. Bedford Realty Corp.*, 238 Conn. 745, 759-60, 680 A.2d 301 (1996) (mere holder of promissory note, if not owner of underlying debt, cannot exercise equitable power of foreclosure). We agree.

*RMS*, 303 Conn. at 231.[2]

---

[2] We ordinarily would not discuss law in our Statement of Facts. In this case, however, the law is a significant explanatory backdrop for plaintiff's actions and factual omissions.

4

The Supreme Court also "agree[d] with the plaintiffs' contention that a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under § 49-17." *RMS,* 303 Conn. at 231-32.

After the court terminated mediation in January 2013 (Doc. 121.01), the Tanasis filed on April 10, 2013 a motion to strike the foreclosure prayers for relief (Doc. 124) and a brief in support of the motion (Doc. 125). The Tanasis argued that the court should strike the prayers for foreclosure relief because (i) ownership of the debt is an element of a prima facie foreclosure case[3]; (ii) plaintiff's "holder" allegation is not an ownership allegation; and (iii) the rebuttable presumption of ownership arising from holder status is not a substitute for the ownership allegation (Doc. 125).

In its objection (Doc. 126), plaintiff neither confirmed nor denied that it did own the debt. Plaintiff also neither confirmed nor denied that it was relying on the rebuttable presumption of ownership. Instead, plaintiff claimed that (i) there was "no requirement to plead ownership, or even be an owner" (Doc. 126 at 3); and (ii) on a motion to strike, "all well-pleaded facts and **those facts necessarily implied from the allegations** are taken as admitted" (Doc. 126 at 3). It was plaintiff who emphasized -- bold and underlined – this last phrase. Plaintiff asserted that "[h]ere, the facts necessarily implied from the allegations dictate that the motion to strike must fail" (Doc. 126 at 3). Yet,

---

[3] The Tanasis cited three Appellate Court decisions in support of this contention: *Franklin Credit Management Corp. v. Nicholas,* 73 Conn.App. 830, 838 (2002), *cert. denied,* 262 Conn. 937 (2003) ("To make out its prima facie case, [the foreclosing party] ha[s] to prove by a preponderance of the evidence that it [is] the owner of the [debt] ...."); *Webster Bank v. Flanagan,* 51 Conn.App. 733, 750-51 (1999) (same); *Ocwen Federal Bank v. Charles,* 95 Conn. App. 315, 320 n.5 (2006), *cert. denied,* 279 Conn. 909 (2006) (same).

plaintiff left unspecified the "fact" it wanted the court to necessarily imply from the allegations. Plaintiff did, however, cite *Bank of America v. DiLuca*, Docket No. FST-CV-09-5011073-S, 2013 WL 2278765 (Apr. 30, 2013), *affirmed* 154 Conn.App. 906 (2015), which plaintiff described "as a well-reasoned memorandum of decision" (Doc. 126 at 5). In *DiLuca,* Judge Tierney observed, as follows:

> There was no requirement in *RMS v. Miller* that a foreclosing plaintiff plead ownership of the note. The plaintiff is permitted to plead that it is the "holder" and rely on the presumption set forth in *RMS v. Miller.*

*DiLuca*, 2013 WL 2278765, at *5 (Apr. 30, 2013) (copy attached).

On May 21, 2013, the court denied the motion to strike the prayers for foreclosure relief. Citing *RMS* and *DiLuca*, the court found that "[t]he allegations in the complaint are legally sufficient to support all the claims for relief the defendant seeks to strike" (Doc. 124.10).

On June 2, 2014, plaintiff filed a motion for summary judgment and a brief in support of the motion (Docs. 138, 139). Once again, plaintiff neither confirmed nor denied that it did own the debt. In its brief, plaintiff noted that "Defendant may claim that while Plaintiff is the holder, Plaintiff has not proven that it is the owner of the Note." (Doc. 139 at 3). Plaintiff claimed that it "need not prove that it is the owner" (Doc. 139 at 4) because under *RMS* the holder is presumed to be the owner (Doc. 139 at 9). Plaintiff asserted that "Plaintiff, as the possessor of the Note endorsed in blank has satisfied its burden of establishing a *prima facie* case" (Doc. 139 at 4).[4]

---

[4] As discussed below in text, plaintiff in its brief misrepresented the contents of the plaintiff's summary judgment affidavit. The court apparently relied on those misrepresentations in concluding that plaintiff was the holder of the note.

6

In their opposition brief (Doc. 142), the Tanasis noted that "[t]he [RMS] presumption of ownership does not relieve plaintiff from its obligation to make a factual allegation of ownership in the complaint. If that were the case, a holder who knows that it is not the owner could truthfully allege holder status and thus fraudulently invoke the presumption of ownership." (Doc. 142 at 12).[5]

Plaintiff did not file a reply memorandum. There is no written response to this argument.

In its memorandum of decision granting plaintiff summary judgment, the court invoked the presumption of ownership, as follows:

> The defendants also argue, again without any authority, that since the plaintiff has not alleged that it is "the owner of the debt," it cannot foreclose. Our Supreme Court has held that "a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes § 49-17.... The production of the note establishes his case prima facie against the makers and he may rest there.... It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights" (Internal

---

[5] The Tanasis also discussed (Doc. 143 at 14-15) the Appellate Court's decision in *Wells Fargo Bank, N.A. v. Tarzia*, 150 Conn. App. 660, 664-65 (officially released June 3, 2014), *cert. denied* 314 Conn. 905 (2014), where it observed, as follows:

> The defendant first claims that the plaintiff has not stated a proper claim for strict foreclosure of the mortgage because the plaintiff failed to plead that it is the owner of the debt.... Our Supreme Court's decision in *RMS Residential Properties, LLC*, is dispositive of the plaintiff's claim on appeal. There, it was held that "a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted [the holder] may foreclose the mortgage under [General Statutes] § 49–17.... The production of the note establishes his case prima facie against the makers and he may rest there.... It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) *RMS Residential Properties, LLC v. Miller, supra*, 303 Conn. at 231–32, 32 A.3d 307.

quotation marks omitted.) *RMS Residential Properties, LLC v. Miller*, 303 Conn. 224, 231-32, 32 A.3d 307 (2011).

(Doc. 143 at 5-6).

**Plaintiff Misled the Court as to the Contents of its Summary Judgment Affidavit**

Plaintiff claimed in its summary judgment brief that its summary judgment affidavit, by Glenna Feeley, establishes that (i) "Plaintiff possesses the original Note endorsed to blank" (ii) "Plaintiff has possessed [the Note] since prior to the commencement of the action"; and (iii) "[m]ore importantly, the original lender endorsed the Note specifically to Plaintiff" (Doc. 139 at 9).

In the memorandum of decision, the court adopted, nearly verbatim, plaintiff's representations concerning the contents of the affidavit: "[T]he affidavit of Glenna Feeley establishes that the plaintiff possesses the original Note endorsed to blank and the plaintiff has possessed it since before the commencement of the action. The original lender endorsed the Note specifically to the plaintiff." (Doc 143 at 5).

The reality is that the affidavit does not establish any of these things. The affidavit does not say that plaintiff ever possessed any note at any particular time, much less that it possessed the original Tanasi note prior to commencement of the action (Doc. 139 at 18-20). Indeed, the only thing the affidavit says in this regard is the legal conclusion that the plaintiff "is the holder of said Note and Mortgage" (Doc. 139 at 19 ¶¶ 5, 11).

Moreover, certain of these of "facts" purportedly established by the affidavit are contradictory to each other. Plaintiff misrepresented, and the court found, that the affidavit establishes that the note is endorsed both "to blank" and "specifically to the

plaintiff." The note actually is endorsed only in blank, not specifically to plaintiff or anyone else (Doc. 139 at 25).

### Standard for Dismissal for Lack of Subject Matter Jurisdiction

Our Supreme Court has observed, as follows:

Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to § 10-31(a)(1) may encounter different situations, depending on the status of the record in the case. ... [L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts...

When a trial court decides a jurisdictional question ... on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light.... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.

In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss ...; other types of undisputed evidence ...; and/or public records of which judicial notice may be taken ...; the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. ... Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. ... If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits ... or other evidence, the trial court may dismiss the action without further proceedings. ... If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations ... or only evidence that fails to call those allegations into question ... the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein....

Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts.

*Conboy v. State*, 292 Conn. 642, 650-52, 974 A.2d 669 (2009) (internal quotes and citations omitted).

### Relationship between Standing and Subject Matter Jurisdiction

"'Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action.'" *Fink v. Golenbock*, 238 Conn. 183, 199, 680 A.2d 1243, 1253 (1996) (quoting *Ardmare Construction Co. v. Freedman*, 191 Conn. 497, 501, 467 A.2d 674 (1983)). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." *Fort Trumbull Conservancy, LLC v. Alves*, 262 Conn. 480, 485, 815 A.2d 1188, 1193 (2003). This principal is applicable in foreclosure actions.  *Park National Bank v. 3333 Main, LLC*, 127 Conn.App. 774, 779, 15 A.3d 1150 (2011) (mortgage foreclosure action in which the court observed that "[w]here a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause"); *Chiulli v. Zola*, 97 Conn.App. 699, 704, 905 A.2d 1236 (2006) (mechanic's lien foreclosure action in which the court observed "[i]t is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction"); *Fleet National Bank v. Nazareth*, 75 Conn.App. 791, 793, 818 A.2d 69 (2003) (mortgage foreclosure action in which the court observed that "a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim"); *Dime Savings Bank of Wallingford v. Arpaia*, 55 Conn.App. 180, 183, 738 A.2d 715 (1999) (mortgage foreclosure action in which the court observed "[w]here a plaintiff lacks standing to sue, the court is without subject matter jurisdiction").

## Burden of Proving Standing

"Because standing implicates the court's subject matter jurisdiction, the plaintiff ultimately bears the burden of establishing standing."  *Seymour v. Region One Board of Education*, 274 Conn. 92, 104, 874 A.2d 742, 749 (2005); *Park National Bank, supra*, 127 Conn.App. at 779 ("[t]he burden of demonstrating that a party has standing to bring an action is on the plaintiff").

## Court Must Resolve Lack of Subject Matter Jurisdiction First

Once the issue of lack of subject matter jurisdiction has been raised, the court is compelled to resolve it before proceeding further with the case. As our Supreme Court repeatedly has observed:

> Whenever a lack of jurisdiction appears on the record, the court must consider the question. *Groton v. Commission on Human Rights & Opportunities*, 169 Conn. 89, 101, 362 A.2d 1359. The court must address itself to that issue and fully resolve it before proceeding further with the case. *Kohn Display & Woodworking Co. v. Paragon Paint & Varnish Corporation*, 166 Conn. 446, 448, 352 A.2d 301; *Wawrzynowicz v. Wawrzynowicz*, 164 Conn. 200, 203, 319 A.2d 407.

*Valley Cable Vision, Inc. v. Public Utilities Commission*, 175 Conn. 30, 32, 392 A.2d 485, 486 (1978).

## Standing to Foreclose a Mortgage

As noted, under *RMS* only the owner of the debt has the right to foreclose and the owner can rely on the rebuttable presumption of ownership that arises from holder status to make out a prima facie case of ownership. By way of background, Connecticut's UCC defines "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession ...." CGS § 42a-1-201(21)(A). The "holder" of a note has the right to enforce the note even if it is not the "owner" the note. CGS § 42a-3-301 ("[a] person may be a

11

person entitled to enforce the [note] even though the person is not the owner of the [note]"). In other words, the UCC separates ownership of the note from the right to enforce the note. As the Official Comments to the UCC explain, "[t]he right to enforce an instrument and ownership of the instrument are two different concepts. A thief who steals a check payable to bearer becomes the holder of the check and a person entitled to enforce it, but does not become the owner of the check." CGS § 42a-3-203, Official Comment 1. "Ownership rights in instruments [are] determined by principles of the law of property, independent of Article 3 [of the UCC]." *Id.*

On July 16, 2013, our Supreme Court issued its decision in *J.E. Robert Co., Inc. v. Signature Properties, LLC*, 309 Conn. 307 (2013). The Court explained the rebuttable presumption described in *RMS* as follows:

> Our statement in *RMS* … that 'a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under § 49–17', was not intended to suggest that mere proof that someone other than the party seeking to foreclose is the owner of the note will require dismissal for lack of standing. Rather, under such circumstances, the burden would shift back to the plaintiff to demonstrate that the owner has vested it with the right to receive the money secured by the [mortgage]. To the extent that our statement in *RMS…,* can be read otherwise, it is hereby overruled.

*J.E. Robert*, 309 Conn. at 325 n. 18.

In other words, only the owner of the debt or someone in whom the owner has vested the right to receive the money have standing to foreclose the mortgage.

12

## Argument

### I.   The Action should be Dismissed with Prejudice for Lack of Subject Matter Jurisdiction

As shown, plaintiff was not and is not the owner of the debt. Hudson City Savings Bank owned the debt at the commencement of the action and has continued to own it through no later than April 6, 2015.

The question thus becomes whether plaintiff, after effectively asserting ownership from the outset of the case, now should be permitted to abandon that claim and assert under *J.E. Robert* that it has been vested by the owner with the right to foreclose.

As we now demonstrate, for a number of reasons, the court must answer that question in the negative.

### A.   Plaintiff is Judicially Estopped from Asserting anything other than Owner Status

There can be no dispute that plaintiff asserted holder status in the complaint, in opposition to the motion to strike and on its motion for summary judgment, to invoke the rebuttable presumption of ownership. Nor can there be any dispute that the court, relying on plaintiff's holder assertion, did indeed invoke the rebuttable presumption of ownership in denying the motion to strike and in granting the summary judgment motion. Having chosen to assert holder status to induce, successfully, the court to invoke the ownership presumption, plaintiff is now judicially estopped from claiming that it has the owner's authority to foreclose.

"Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 228, 120 S. Ct. 2143, 2154, 147 L. Ed. 2d

13

164 (2000). Indeed, "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895)).

Our Supreme Court has observed, as follows:

Judicial estoppel prevents a party in a legal proceeding from taking a position contrary to a position the party has taken in an earlier proceeding.... [J]udicial estoppel serves interests different from those served by equitable estoppel, which is designed to ensure fairness in the relationship between parties.... The courts invoke judicial estoppel as a means to preserve the sanctity of the oath or to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings.

*Association Resources, Inc. v. Wall*, 298 Conn. 145, 169, 2 A.3d 873, 890-91 (2010) (quotes and cites omitted).

Our Supreme Court cited *New Hampshire v. Maine*, *supra*, wherein the United States Supreme Court observed that judicial estoppel "protect[s] the integrity of the judicial process ... by prohibiting parties from deliberately changing positions according to the exigencies of the moment[.]" *Id.*, 532 U.S. at 749-50 (quotes and cites omitted).

Our Supreme Court also has observed, as follows:

Typically, judicial estoppel will apply if: 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel.... We further limit judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain.... Thus, courts generally will not apply the doctrine if the first statement or omission was the result of a good faith mistake ... or an unintentional error.

*Dougan v. Dougan*, 301 Conn. 361, 373, 21 A.3d 791, 799 (2011) (quotes and cites omitted); *Association Resources*, 298 Conn. at 170.

As to the first criterion, plaintiff repeatedly asserted only holder status, which, as a matter of law, invoked the ownership presumption. *Tarzia*, 150 Conn. App. at 664-65; *DiLuca*, 2013 WL 2278765, at *5 (copy attached). Consequently, plaintiff effectively asserted ownership. Any claim by plaintiff now that it is not the owner but has the owner's authority to foreclose clearly would be inconsistent with its earlier position that it is the owner. As our Supreme Court made clear in *J.E. Robert*, the owner of the debt does not need its own authority to foreclose. *Id.*, 309 Conn. at 325 n. 18. Only a nonowner of the debt needs the owner's authority. *Id.* In other words, owner of the debt and a person vested with the owner's authority to foreclose are distinct legal statuses. To claim one such status to defeat a motion to strike and obtain summary judgment, only to drop it later in favor of the other status to try to defeat a motion to dismiss, would be to assert inconsistent positions.

Next, the second criterion was established when the court invoked the presumption of ownership in denying the motion to strike and granting the summary judgment motion. Since plaintiff's holder claim was effectively an ownership claim, the court necessarily found that plaintiff asserted ownership when it declined to strike the foreclosure prayers for relief. For the same reason, the court necessarily found that plaintiff was in fact the owner in granting summary judgment.

As to the third criterion, plaintiff would derive an unfair advantage if it were permitted to change, after prevailing on motions to strike and for summary judgment, its claim from ownership to owner's authority. In *J.E. Robert*, our Supreme Court noted:

15

> It is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and have the proper supporting documentation in hand when filing suit, showing the history of the note, so the defendant is duly apprised of the rights of the plaintiff.

*J.E. Robert*, 309 Conn. at 325 n. 18 (quotes and cite omitted).

Thus, the Tanasis had a fundamental right to know, at the commencement of the litigation, which of these two statuses plaintiff claimed: owner of the debt or vested by the owner with the right to foreclose. Plaintiff has conducted a litigation to foreclose on the Tanasis' home, and obtained a summary judgment as to liability, based on its misrepresentation of its status vis-à-vis the debt, *id.* at 319, in violation of a "fundamental precept of law". Permitting plaintiff to change its claimed status at this late date certainly would be unfair.

Moreover, the court would be sanctioning trial by ambush if it were to permit plaintiff to switch statuses now, after plaintiff essentially argued, successfully, that it should be presumed to be the owner of debt even though plaintiff knew it was not. This cannot be done. As our Supreme Court has observed:

> "Our rules of procedure do not allow a [party] to pursue one course of action at trial and later, on appeal, argue that a path he rejected should now be open to him.... To rule otherwise would permit trial by ambuscade."

*Larobina v. McDonald*, 274 Conn. 394, 402, 876 A.2d 522, 528 (2005) (quoting *State v. Reynolds*, 264 Conn. 1, 207, 836 A.2d 224 (2003), *cert. denied*, 541 U.S. 908, 124 S.Ct. 1614, 158 L.Ed.2d 254 (2004)).

Plaintiff repeatedly asserted holder status, which necessarily invoked the ownership presumption. Plaintiff never informed the court that it did not own the debt. Thus, plaintiff clearly rejected the "vested by the owner" path.

16

In this regard, on the motions to strike and for summary judgment, plaintiff took the position that, because of the rebuttable presumption of ownership, its complaint alleging only holder status was legally sufficient to entitle it to a foreclosure judgment. If plaintiff now requests to claim instead that it was vested by the owner, plaintiff would be admitting that its complaint was not legally sufficient and requesting permission to replead. Our Supreme Court dealt with a similar circumstance in *Larobina*, as follows:

> A plaintiff should not be allowed to argue to the trial court that his complaint is legally sufficient and then argue on appeal that the trial court should have allowed him to amend his pleading to render it legally sufficient.

*Id.*, 274 Conn. at 402. The Court continued that allowing such an amendment would be to permit trial by ambush. *Id.*

There is no practical difference between this case, where plaintiff effectively would be seeking to change direction after a summary judgment entered, and *Larobina*, where the plaintiff attempted to change direction on appeal. In both cases, permitting the change would be permitting a trial by ambuscade, which plainly affords plaintiff an unfair advantage.

It simply cannot be the law that a plaintiff who, in violation of defendants' fundamental right, repeatedly relies on a misrepresentation to the court and defendants, can switch positions with impunity.

Lastly, plaintiff's invocation of the rebuttable presumption of ownership was not a good faith mistake or an unintentional error. The Supreme Court in *RMS*, which plaintiff cited, plainly held that the owner of the debt has standing to foreclose and holder status is significant only because it gives rise to a rebuttable presumption of ownership. In *DiLuca,* which plaintiff cited as a "well-reasoned" decision, Judge Tierney explained that

17

*RMS* observed the long standing ownership requirement and "merely added the presumption provision to assist the plaintiff in proving that it is the owner of the note." *DiLuca*, 2013 WL 2278765, at *5. As noted, the Appellate Court affirmed Judge Tierney's decision in *DiLuca* at 154 Conn.App. 906 (2015).

Moreover, defendants put the ownership requirement in issue on the motion to strike and plaintiff's summary judgment motion. Plaintiff never acknowledged that it was not the owner. Instead, it repeatedly asserted its holder status and claimed that it could make out a prima facie case based on that alone. As shown, our courts consistently have held that the only reason that a holder allegation makes out a prima facie case is because the holder is rebuttably presumed to be the owner.

Indeed, ownership of the debt has been an element of a prima facie case before and after *RMS* and *J.E. Robert*. As noted (footnote 3), in support of their motion to strike (Doc. 125), the Tanasis cited three Appellate Court cases that confirm ownership is an element of a prima facie foreclosure case: *Franklin Credit Management Corp. v. Nicholas*, 73 Conn.App. 830, 838 (2002), *cert. denied*, 262 Conn. 937 (2003) ("To make out its prima facie case, [the foreclosing party] ha[s] to prove by a preponderance of the evidence that it [is] the owner of the [debt] ...."); *Webster Bank v. Flanagan*, 51 Conn.App. 733, 750-51 (1999) (same); *Ocwen Federal Bank v. Charles*, 95 Conn. App. 315, 320 n.5 (2006), *cert. denied*, 279 Conn. 909 (2006) (same).

Also as noted, the Supreme Court in *RMS* observed that "a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure." *RMS*, 303 Conn. at 231.

As Judge Tierney observed in *DiLuca*:

18

> *RMS Residential Properties, LLC v. Miller* did not change Connecticut law
> concerning the burden of proof by a plaintiff seeking foreclosure. It is the
> obligation of the plaintiff to prove that it was the owner of the note and the
> mortgage, that there was default in the note and mortgage, and that all
> conditions of the note and mortgage have been satisfied. *Franklin Credit
> Management Company v. Nicholas*, 73 Conn.App. 830, 838 (2002);
> *Webster v. Flanagan*, 51 Conn.App. 733, 750–51 (1999). *RMS v. Miller*
> did not change these requirements. It merely added the presumption
> provision to assist the plaintiff in proving that it is the owner of the note.

*DiLuca*, 2013 WL 2278765, at *5 (copy attached).

Since *RMS* did not change the ownership requirement, after *RMS*, the Appellate

Court continued to observe that ownership of the note is an element of a prima facie

foreclosure claim:

> In order to establish a prima facie case in a mortgage foreclosure action,
> the plaintiff must prove by a preponderance of the evidence that it is the
> owner of the note and mortgage, that the defendant mortgagor has
> defaulted on the note and that any conditions precedent to foreclosure, as
> established by the note and mortgage, have been satisfied.

*GMAC Mortgage, LLC v. Ford*, 144 Conn.App. 165, 176, 73 A.3d 742 (2013).

The Appellate Court also noted in *Ford*, as follows:

> A mortgagee that seeks summary judgment in a foreclosure action has the
> evidentiary burden of showing that there is no genuine issue of material
> fact as to any of the prima facie elements, including that it is the owner of
> the debt.

*Id.*, 144 Conn. App. at 177.

On April 15, 2014 -- nine months after the Supreme Court decided *J.E. Robert* –

the Appellate Court issued its decision in *Wells Fargo Bank, N.A., Trustee v. Strong*,

149 Conn.App. 384, *cert. denied*, 312 Conn. 923 (2014). There, the Appellate Court

confirmed, as follows:

> "A mortgagee that seeks summary judgment in a foreclosure action has
> the evidentiary burden of showing that there is no genuine issue of
> material fact as to any of the prima facie elements, including that it is the
> owner of the debt."

*Id.*, 149 Conn.App. at 392. (quoting *GMAC Mortgage, LLC v. Ford, supra*).

Since *Strong*, the Appellate Court has twice repeated this same holding:

*American Home Mortgage Servicing, Inc. v. Reilly*, 157 Conn. App. 127 (May 12, 2015);

*U.S. Bank, N.A. v. Foote*, 151 Conn. App. 620, 632, 94 A.3d 1267, 1275, *cert. denied*,

314 Conn. 930 (2014). Moreover, no fewer than nine Superior Courts cited this same

holding after *J.E. Robert*.[6]

The Appellate Court also has included ownership of the debt in its recitation of all

of the elements of a prima facie foreclosure case three times since *J.E. Robert*, as

follows:

> In order to establish a prima facie case in a mortgage foreclosure action,
> the plaintiff must prove by a preponderance of the evidence that it is the
> owner of the note and mortgage, that the defendant mortgagor has
> defaulted on the note and that any conditions precedent to foreclosure, as
> established by the note and mortgage, have been satisfied.

*Berkshire Bank v. Hartford Club,* No. 36711, 2015 WL 4429252, at *3 (Conn. App. Ct.

July 28, 2015); *U.S. Bank, N.A. v. Foote, supra*, 151 Conn. App. at 632; *Strong*, 149

Conn. App. at 392.

---

[6] Given the number of decisions, we have not attached copies but can do so if the court
requests. The nine decisions are: *Boyd v. Boyd*, No. FBT-CV-13-6039790, 2015 WL
3797979, at *2 (May 19, 2015); *Bank of Am., Nat. Assoc. v. La Mesa*, No. LLI-CV-12-
6006185S, 2015 WL 2191476, at *7 (Apr. 14, 2015); *Deutsche Bank Nat. Trust Co. v.
Speer*, No. CV-11-6011364, 2015 WL 2191813, at *1 (Apr. 14, 2015); *Embrace Home
Loans, Inc. v. Richardson*, No. CV-12-6015030-S, 2015 WL 897348, at *4 (Feb. 6,
2015); *Provident Funding Associates, L.P. v. Sohn*, No. FBT-CV-13-6037272S, 2015
WL 467412, at *1 (Jan. 12, 2015); *Bank of Am., N.A. v. Derisme*, No. CV-09-6003691,
2014 WL 4413438, at *2 (July 22, 2014); *E*Trade Bank v. Francois*, No. CV-12-
6025050-S, 2014 WL 1283202, at *3 (Feb. 28, 2014); *Naugatuck Valley Sav. & Loan v.
Handsome, Inc.*, No. CV-10-6033849, 2014 WL 341808, at *1 (Jan. 8, 2014); *Suntrust
Mortgage, Inc. v. Fitzpatrick*, No. CV-09-6004428, 2013 WL 5663600, at *1 (Conn.
Super. Ct. Sept. 27, 2013).

Superior Court recited these same elements in the nine post-*J.E. Robert* cases

above referenced (see footnote 2), as well as 29 additional post-*J.E. Robert* cases. The

District of Connecticut recited these elements in two post-*J.E. Robert* cases.[7]

---

[7]Given the number of decisions, we have not attached copies but can do so if the court requests. The 29 additional Superior Court cases are: *Twenty First Mortgage Corp. v. Schumacher*, No. LLI-CV-14-6010586-S, 2015 WL 3798084, at *4 (May 26, 2015); *Connecticut Hous. Fin. Auth. v. Delgado*, No. DBD-CV-13-6012730-S, 2015 WL 1727497, at *4 (Mar. 17, 2015); *Morris v. Hill*, No. DBD-CV-11-6006254S, 2015 WL 1500588, at *3 (Mar. 9, 2015); *Citimortgage, Inc. v. Maurice*, No. FBT-CV-12-6030088-S, 2015 WL 1014795, at *3 (Feb. 17, 2015); *People's United Bank v. Torrance*, No. CV-11-6011508-S, 2015 WL 671352, at *2 (Jan. 28, 2015); *Bank of Am., N.A. v. Aubut*, No. MMX-CV-12-6007664-S, 2015 WL 601617, at *3 (Jan. 26, 2015); *Washington Mut. Bank v. Coughlin*, No. CV-08-5007908-S, 2015 WL 467478, at *4 (Jan. 8, 2015); *Wells Fargo Bank, N.A. v. Olschan*, No. CV-10-6004277-S, 2014 WL 7662474, at *2 (Dec. 15, 2014); *Hawkins St., LLC v. ONG Real Prop. Holdings, LLC*, No. CV-13-6007042, 2014 WL 7525516, at *2 (Nov. 24, 2014); *Wells Fargo Bank, N.A. v. Leggett*, No. KNL-CV-13-6019514-S, 2014 WL 7495062, at *2 (Nov. 21, 2014); *Deutsche Bank Nat. Trust Co. v. Gagnon*, No. WWM-CV-10-6001732-S, 2014 WL 6996741, at *2 (Nov. 4, 2014); *Seminole Realty, LLC v. Sekretaev*, No. WWM-CV-10-6002259-S, 2014 WL 6804882, at *2 (Oct. 24, 2014); *HSBC Bank U.S.A. v. Haage*, No. MMX-CV-10-6002141-S, 2014 WL 6804584, at *4 (Oct. 23, 2014); *Retained Realty, Inc. v. Urso*, No. DBD-CV-13-6012414-S, 2014 WL 4922104, at *5 (Aug. 29, 2014); *Bank of Am., N.A. v. Harris*, No. DBD-CV-09-6001626-S, 2014 WL 4290552, at *3 (July 18, 2014); *Nationstar Mortgage, LLC v. Council*, No. HHD-CV-13-6042322-S, 2014 WL 3805724, at *3 (June 30, 2014); *Onewest Bank, FSB v. Arrigoni*, No. NNI-CV-12-6005322-S, 2014 WL 2696695, at *1 (May 9, 2014); *E. Sav. Bank FSB v. Perkins*, No. FST-CV-10-6004995-S, 2014 WL 1814298, at *1 (Apr. 7, 2014); *CitiMortgage, Inc. v. Nichlen*, No. WWM-CV-12-6005187-S, 2014 WL 1345312, at *2 (Mar. 11, 2014); *Mase v. Riverview Realty Associates, LLC*, No. CV-12-6013389-S, 2014 WL 1345336, at *1 (Mar. 11, 2014); *OneWest Bank FSB v. Pellechia*, No. WWM-CV-08-5002482-S, 2014 WL 1193404, at *1 (Feb. 24, 2014); *Bank of Am., N.A. v. Boudreau*, No. CV-10-6001234-S, 2014 WL 929052, at *1 (Feb. 4, 2014); *Cent. Mortgage Co. v. Majek*, No. WWM-CV-12-6006164-S, 2014 WL 929175, at *1 (Feb. 3, 2014); *Putnam Fin. Associates, Inc. v. Putnam Park Associates, LLC*, No. WWM-CV-13-6006859-S, 2013 WL 7084488, at *2 (Dec. 27, 2013); *Hudson City Sav. Bank v. Matchett*, No. LLI-CV-12-6006274-S, 2013 WL 6989431, at *2 (Dec. 17, 2013); *Wells Fargo Bank, N.A. v. Sterling*, No. LLI-CV-12-6006031-S, 2013 WL 5663446, at *3 (Sept. 27, 2013); *Hemlock Hill Camp Resort Co-op. Ass'n, Inc. v. Hemlock Hill Campground, LLC*, No. LLI-CV-12-6006974-S, 2013 WL 5716824, at *4 (Sept. 26, 2013); *CIT Small Bus. Lending Corp. v. Sam Wibberley Tire, Inc.*, No. WWM-CV-13-6006364-S, 2013 WL 5496570, at *2 (Sept. 6, 2013). The District of Connecticut cases are: *CIT Small Bus. Lending Corp. v. Sayers*, No. 3:13-CV-886 JCH, 2014 WL 4802235,

Clearly, the weight of authority confirms that ownership of the debt was and is an element of a prima facie foreclosure case even after *J.E. Robert*. The weight of authority also confirms that "[a] mortgagee that seeks summary judgment in a foreclosure action has the evidentiary burden of showing that … it is the owner of the debt." *Ford,* 144 Conn.App. at 177; *Strong*, 149 Conn.App. at 392; *Reilly*, 157 Conn. App. 127; *U.S. Bank, N.A. v. Foote*, 151 Conn. App. at 632.

Consequently, the only way the court could have denied the motion to strike and granted the motion for summary judgment was by finding that plaintiff had plead and established that it was the owner of the debt. Since plaintiff never disabused the court of the notion that plaintiff was asserting ownership and obtained relief on that false assertion, plaintiff is now judicially estopped from claiming it has the owner's authority.

### B. Plaintiff is Irrevocably Bound by its Invocation of the Presumption of Ownership

As shown, by asserting holder status, plaintiff necessarily asserted that it was the owner of the debt. Plaintiff made this assertion despite its knowledge that it was not, in fact, the owner of the debt. In doing so, plaintiff abused our rules of pleading. Our Supreme Court has observed, as follows:

> [I]t would be an abuse of [procedure] for a plaintiff to make an assertion in a complaint that he does not reasonably believe to be the truth. See Practice Book § [10-5]. Our pleading rules were designed to avoid the pitfalls of unnecessary formality, not to allow a plaintiff to engage in fantasy.

*Dreier v. Upjohn Co.*, 196 Conn. 242, 246, 492 A.2d 164, 167 (1985).

---

at *4 (D. Conn. Sept. 25, 2014); and *Bank of New York Mellon v. Bell*, No. 3:11-CV-1255 JAM, 2014 WL 7270232, at *3 (D. Conn. Dec. 18, 2014).

Having chosen to base its claim on ownership of the debt, plaintiff cannot now, when confronted with a motion to dismiss, change its claim from ownership to nonowner vested by the owner: Plaintiff cannot "cast his claim as a chameleon, where the legal basis for the claim changes to survive any argument attacking the legal sufficiency of the claim." *Pike v. Bugbee*, 115 Conn.App. 820, 828 n. 5 (2009), *cert. granted*, 293 Conn. 923 (2009). As noted, the United States Supreme Court has observed that parties should be "prohibit[ed] … from deliberately changing positions according to the exigencies of the moment[.]" *New Hampshire v. Maine*, 532 U.S. at 749-50.

Moreover, permitting plaintiff to change its claimed status now would be tantamount to permitting plaintiff to amend its complaint to correct plaintiff's own misrepresentation – after plaintiff already obtained a judgment on a false complaint. Indeed, "[a]n amendment after judgment … is a possible, but most extraordinary, remedy, to be allowed only in exceptional cases and with the greatest caution." *Kelly v. New Haven Steamboat Co.*, 75 Conn. 42, 52 A. 261, 262 (1902). Here, the circumstances weigh against permitting an amendment.

We were unable to locate any appellate level authority further specifying any factors to be considered with respect to post-judgment requests to amend. With respect to pre-judgment requests to amend, the Supreme Court has observed, as follows:

> Our courts have followed a liberal policy to permit belated amendments to the pleadings unless the amendment will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party, or confuse the issues, or unless the delayed amendment is attributable to some misconduct on the part of its proponent.

*Lawson v. Godfried*, 181 Conn. 214, 216, 435 A.2d 15, 16 (1980).

Here, the unreasonable delay is patent. The summary judgment would have to be set aside because it is based in part on a finding that plaintiff owns the debt – which

we now know is not true. Plaintiff cannot simply proffer on this motion evidence that it was vested with the right to foreclose because that would deprive the Tanasis of the opportunity to test this new allegation via discovery. Indeed, "[i]t is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." *Osterlund v. State*, 129 Conn. 591, 596, 30 A.2d 393, 395-96 (1943). If the court were to permit plaintiff to amend the complaint, the parties would retreat to litigation square one, Practice Book § 10-61, which they left four years ago.

Next, plaintiff already has mislead the Tanasis and the court and confused the issues for four years with its claims that it is entitled to a presumption of ownership but cannot modify the loan because Hudson City refused to allow it. Despite two instances where the Tanasis directly questioned the impact of plaintiff's "holder" allegation (the motion to strike and the Tanasis' summary judgment opposition), plaintiff chose not to disclose that it is not the owner of the debt. Instead, plaintiff effectively asked the court to invoke the rebuttable presumption of ownership even though plaintiff knew it was not the owner.

For the same reasons, the delay in switching statuses is directly attributable to plaintiff's misconduct. Plaintiff should and could have come clean about its lack of ownership much sooner. Rather than do that, plaintiff chose to continue to mislead its way into a summary judgment as to liability.

### C.    Permitting Plaintiff to Change its Claimed Status would be a Deprivation of Due Process

As noted, "[i]t is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time

24

to prepare themselves upon the issue." *Osterlund*, 129 Conn. at 596. "[T]he failure of a court to comply with this requirement of notice is a serious breach of a fundamental requirement of due process of law." *Winick v. Winick*, 153 Conn. 294, 299, 216 A.2d 185, 187 (1965). It is irrelevant whether the ultimate outcome would not be affected notwithstanding the violation. *Osterlund*, 129 Conn. at 597.

The question thus becomes whether the Tanasis had fair notice that plaintiff might claim that the owner vested it with the authority to foreclose. The answer is "no." As shown, the Supreme Court in *J.E. Robert* observed that the Tanasis had a fundamental right to know at the outset of the case what status vis-à-vis the debt plaintiff claimed. The Court in *J.E. Robert* also noted that the plaintiff should accurately identify its claimed status in the complaint:

> We note that, in the original complaint, J.E. Robert inaccurately identified itself as the owner of the note, when it should have identified itself as the special servicer or nonholder/transferee in whom the note's owner and holder, LaSalle, had vested the right to enforce the note…. [The substituted plaintiff] corrected that inaccuracy, however, in the amended complaint, which was filed before the defendants filed their answer and special defenses and which also specifically identified the pooling agreement as the source of J.E. Robert's authority.

*Id.*, 309 Conn. at 313 n. 6.

This is because "[the] purpose of pleadings is to frame, present, define, and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial…." *Young v. Vlahos*, 103 Conn.App. 470, 476, *cert. denied*, 285 Conn. 913 (2008). "The proposition that the pleadings frame the issues before a trial court is well established in our caselaw." *Doublewal Corp. v. Toffolon*, 195 Conn. 384, 390 (1985); *Telesco v. Telesco*, 187 Conn. 715, 720 (1982) ("[w]hat is in issue is determined by the pleadings").

25

Here, the Tanasis' motion to strike challenged whether plaintiff's holder allegation in the complaint was sufficient to state a claim for foreclosure relief. The court, citing cases that invoked the ownership presumption, concluded that it was. Afterwards, plaintiff did nothing to disavow the ownership status the court effectively had ascribed to it. Plaintiff certainly never claimed in any paper filed with the court or orally in open court that the owner had authorized it to foreclose.[8]

Indeed, in its opening papers supporting its motion for summary judgment, plaintiff persisted in its reliance on its holder allegation and implicitly invited the court to invoke the presumption. The Tanasis in their opposition papers warned that invoking the ownership presumption absent an ownership allegation invited fraud by a non-owner holder. Plaintiff chose not to reply.

Certainly the only claim of which the Tanasis had fair notice in advance of the summary judgment decision was plaintiff's tacit claim that it was the owner of the debt. Even after the summary judgment decision, plaintiff has done nothing to inform the court or the Tanasis that plaintiff wants to change its claim from ownership to something else.

In short, since plaintiff has effectively asserted ownership from the outset of the case, and obtained a summary judgment based on that assertion, plaintiff cannot now claim that the Tanasis had fair notice that plaintiff was actually claiming some other status.

---

[8] In contrast to plaintiff in the case at bar, the plaintiff in *American Home Mortgage Servicing, Inc. v. Reilly*, 157 Conn. App. 127 (May 12, 2015) acknowledged in its summary judgment reply memorandum that it did not own the debt and asserted that it was "obligated" to prosecute the foreclosure on the owner's behalf.

In this regard, plaintiff's holder allegation cannot be construed as pleading in the alternative. More specifically, the holder allegation cannot be construed as an allegation that plaintiff is the owner or, in the alternative, vested by the owner with the right to foreclose. To begin, our courts have concluded that a holder allegation automatically invokes the rebuttable presumption of ownership. *Tarzia*, 150 Conn. App. at 664-65; *DiLuca*, 2013 WL 2278765, at *5 (copy attached).

Next, our Appellate Court has observed that "[w]hile alternative and inconsistent pleading is permitted, there is a limitation of good faith upon its use. Case law suggests that alternative pleading is justified only when the pleader does not know all the facts necessary to make an election." *DeVita v. Esposito*, 13 Conn. App. 101, 105, 535 A.2d 364, 367 (1987). As shown, plaintiff knew it was not the owner of the debt when it commenced the action. Indeed, under *J.E. Robert*, plaintiff was required to know that it was not the owner of the debt when it commenced the action. Plaintiff cannot now claim, in good faith, that it did know until this motion that it does not own the debt.

### D.    Plaintiff Perpetrated a Fraud on the Court which warrants Dismissal with Prejudice

As shown, Hudson City Savings Bank, not plaintiff, owned the debt at the commencement of the action and through no later than April 6, 2015 (the date of plaintiff's second letter). Also as shown, plaintiff never informed the court that plaintiff did not, and does not now, own the debt. Instead, plaintiff twice fraudulently invited the court to invoke the rebuttable presumption of ownership. More specifically, as shown, on the motion to strike the foreclosure prayers for relief, plaintiff told the court that "the facts necessarily implied from the [holder] allegation[ ] dictate that the motion to strike must fail" (Doc. 126 at 3). Plaintiff cited *RMS* and *DiLuca* both of which confirm that

27

ownership of the debt is an element of a foreclosure claim and the rebuttable presumption of ownership allows plaintiff to establish a prima facie case without direct evidence of ownership. As Judge Tierney observed in *DiLuca*, "*RMS v. Miller* did not change the[ ] [ownership] requirement[ ]. It merely added the presumption provision to assist the plaintiff in proving that it is the owner of the note." *DiLuca*, 2013 WL 2278765, at *5 (copy attached).

Plaintiff argued that the Supreme Court in *RMS* did not require the plaintiff there to use the word "owner" because ownership is rebuttably presumed from holder status (Doc. 126 at 4-5). Indeed, as noted, Judge Tierney explained in *DiLuca* that "[t]here was no requirement in *RMS v. Miller* that a foreclosing plaintiff plead ownership of the note. *The plaintiff is permitted to plead that it is the 'holder' and rely on the presumption set forth in RMS v. Miller*." *DiLuca*, 2013 WL 2278765, at *5 (emphasis added) (copy attached). In other words, the only reason that a holder allegation suffices to state a foreclosure claim is that the holder is presumed to be the owner.

Clearly, plaintiff asked the court to presume from the holder allegation that plaintiff owned the debt – even though plaintiff knew it did not.

Similarly, as shown, on plaintiff's motion for summary judgment, plaintiff claimed that it "need not prove that it is the owner" (Doc. 139 at 4) because under *RMS* the holder is presumed to be the owner (Doc. 139 at 9). Plaintiff asserted that "Plaintiff, as the possessor of the Note endorsed in blank has satisfied its burden of establishing a *prima facie* case" (Doc. 139 at 4). Once again, plaintiff clearly invited the court to invoke the rebuttable presumption of ownership even though plaintiff knew that it was not the owner.

Plaintiff's gambit worked both times. In denying the Tanasis' motion to strike the foreclosure prayers for relief, the court effectively invoked the rebuttable presumption of ownership. More specifically, as noted, citing *RMS* and *DiLuca*, the court found that "[t]he allegations in the complaint are legally sufficient to support all the claims for relief the defendant seeks to strike" (Doc. 124.10).

In granting plaintiff's motion for summary judgment, the court expressly invoked the presumption, quoting and citing *RMS*. Indeed, as Judge Tierney observed in *DiLuca*, and the Appellate Court confirmed in *Tarzia*, a holder makes out a prima facie foreclosure claim solely because the holder is presumed to be the owner. *DiLuca*, 2013 WL 2278765, at *5 (copy attached); *Tarzia*, 150 Conn. App. at 664-65.[9]

Clearly, plaintiff has committed fraud on this court, which warrants dismissal with prejudice. In *Stanley Shenker & Associates, Inc. v. World Wrestling Fed'n Entm't, Inc.*, 48 Conn. Supp. 357, 372, 844 A.2d 964, 974 (Super. Ct. 2003), now-Chief Justice Rogers observed that "dismissal with prejudice … [was] the only appropriate sanction … [where] [t]he plaintiff, through its conduct, has intentionally and repeatedly committed a fraud upon this court." More specifically, "[f]or the first two years of this litigation [A]ssociates, through Shenker, has engaged in perjury and has only attempted to 'correct' the record after being caught red-handed." *Id.*, 48 Conn.Supp. at 372.

---

[9] In granting summary judgment, the court had to reject plaintiff's claim that it "need not prove that it is the owner" (Doc. 139 at 4). As shown, the weight of authority, before and after *J.E. Robert*, is that ownership is an element of a prima facie foreclosure claim. Under *J.E. Robert*, a holder that is a non-owner has standing to foreclose only if it has the owner's authority to foreclose. *J.E. Robert*, 309 Conn. at 325 n. 18. Since plaintiff never claimed to have the owner's authority to foreclose, the court could grant summary judgment only if it found plaintiff owned the debt. Since plaintiff never expressly claimed to own the debt, the court could grant summary judgment only if it found that plaintiff invoked the rebuttable presumption of ownership.

Judge Rogers continued:

It is well settled Connecticut policy that courts should safeguard the proper administration of justice and preserve the public confidence in the purity and efficiency of judicial proceedings…. [C]ourts must be vigilant to preserve the overall integrity of the [judicial] system…. [P]reventing litigants from playing "fast and loose" with the courts [safeguards the administration of justice]….

Connecticut courts, accordingly, have long recognized that they have the power to impose sanctions for litigation misconduct, including, where appropriate, the ultimate sanction of dismissal.

*Id.*, 48 Conn. Supp. at 372-73 (quotes and cites omitted).

Here, plaintiff's litigation misconduct was duping the court into invoking the presumption of ownership when plaintiff knew all along that it is not the owner. Plaintiff perpetuated its misconduct by failing to correct the court's unknowing improper invocation of the presumption. In fact, plaintiff has let stand the summary judgment as to liability, which was effectively based in part on a finding that plaintiff was the owner, despite plaintiff's knowledge that it is does not own the debt.

Plaintiff's misconduct also lies in its letting stand the summary judgment as to liability notwithstanding plaintiff's knowledge that the court's based its decision in part on "facts" that do not appear in the record. More specifically, as noted, plaintiff misrepresented the contents of its summary judgment affidavit, the court seemingly adopted those misrepresentations as fact, and plaintiff has failed to correct the court's misapprehension.

Next, Practice Book § 4-2(b) provides that "[t]he signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, [and] that to the best of the signer's knowledge, information and belief there is good ground to support it …." We know from *DiLuca* and *Tarzia* (which say they

30

follow *RMS*) that pleading holder status automatically invokes the rebuttable presumption of ownership. As noted, there was no good ground to support an ownership allegation when plaintiff signed the complaint, its objection to the motion to strike or its motion for summary judgment, because plaintiff knew from the outset that it did not own the debt. It makes no difference that plaintiff invoked the presumption of ownership rather than expressly alleging it because the result is the same. Plaintiff would have been lying if it had claimed ownership. Instead of lying outright, plaintiff told the half-truth that it was the holder, knowing that the court would presume that plaintiff was the owner.

In *Stanley Shenker*, then-Judge Rogers noted a Supreme Court case where "the issue [was] whether dismissal was an appropriate sanction where the plaintiff refused to answer questions at a deposition concerning his removal of hospital records on the grounds of a claim of privilege against self-incrimination." *Id.,* 48 Conn. Supp. at 374. She continued:

> The court applied the following test in resolving this issue: (1) the cause of the deponent's failure to respond to the posed questions, that is, whether it is due to inability rather than the willfulness, bad faith or fault of the deponent ... (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct.

*Id.* (quotes and cite omitted).

Applying this test to the case before her, then-Judge Rogers concluded, as follows:

> It is clear that dismissal of associates' claims with prejudice is warranted. First, Shenker's commission of perjury, and evidence tampering, were undertaken willfully and in bad faith; indeed, Shenker had admitted that he intended to withhold the truth from federation and its counsel, and that he

31

acted in accordance with this plan. Second, federation has been severely prejudiced by Shenker's scheme to lie and obstruct, regardless of any extension in discovery or the amount of time left before trial. Federation has incurred significant legal fees and costs in the present case, and counsel for federation has put in many hours of work, all of which directly resulted from Shenker's misconduct. Moreover, federation would be further prejudiced if associates' case is not dismissed, as federation and its counsel would be compelled to expend significantly more time and money in a process that Shenker has abused repeatedly and substantially. Finally, the reasoning of the *Asztalos* court is persuasive. As in *Asztalos*, to continue to grant associates and Shenker further opportunities, when they have squandered those previously granted to them, would serve no just purpose here.

*Stanley Shenker*, 48 Conn. Supp. at 377.

Here, plaintiff wrongfully, repeatedly, deceptively, willfully and in bad faith invoked the rebuttable presumption of ownership and withheld the truth from the court. Plaintiff knew from the outset it did not own the debt but never informed the court that it was not entitled to a presumption of ownership. Instead, plaintiff deceived the court into invoking the presumption to defeat the motion to strike and obtain summary judgment.

Second, the Tanasis have been severely prejudiced as a result of plaintiff's actions. Plaintiff retained its foreclosure prayers for relief and obtained summary judgment by relying on the presumption to prove a fact that it knows does not exist and misrepresenting its affidavit to the court. For more than two years plaintiff has been perpetuating the action on false pretenses. During that time, the Tanasis have incurred continued to incur interest charges on the debt. This gives plaintiff, and Hudson City Savings Bank, a reason to put the modification the Tanasis seek to save their home even further out of reach.[10] Moreover, the Tanasis have incurred significant legal expenses challenging plaintiff's fraudulently claimed right to foreclose.

---

[10] In this regard, plaintiff solicited and accepted modification applications from the Tanasis before the litigation commenced, in mediation and after mediation terminated (R. Tanasi

Finally, if the case is not dismissed, the Tanasis very likely will lose their home to a party who has consistently declined opportunities to set the record straight as to its lack of ownership of the debt. This is particularly egregious given that lack of ownership was not necessarily fatal to plaintiff's standing. In *J.E. Robert*, decided two years ago, our Supreme Court observed that a non-owner can have standing to foreclose -- if the owner has vested it with the right to foreclose. Plaintiff never claimed, or sought leave to claim, that Hudson City Savings Bank had vested it with the right to foreclose.

### Conclusion

For the foregoing reasons, the court should dismiss the action with prejudice.

Defendants,
Richard Tanasi and Athanasula Tanasi


By:___407598_____
         Christopher G. Brown
Begos Brown & Green LLP
2425 Post Road, Suite 205
Southport  CT 06890
(203) 254-1900
cbrown@bbgllp.com

---

Aff. ¶¶ 2-3; A. Tanasi Aff. ¶¶ 2-6). Each application was denied for the same reason: Hudson City Savings Bank does not give modifications. So, the owner of the debt effectively refused to mediate in good faith as our law requires and plaintiff had the Tanasis repeatedly engage in what it knew was a useless exercise.

**Certification**

I hereby certify that on July 23, 2015 a copy of the foregoing was mailed or

electronically delivered to all counsel and pro se parties of record, as follows:

| | | |
|---|---|---|
| Hunt Leibert  Jacobson, P.C.<br>50 Weston Street<br>Hartford CT 06120 | Beckett Law Group<br>543 Prospect Ave<br>Hartford, CT 06105 | Richard Tanasi<br>27 Briarwood Drive<br>Old Saybrook, CT 06475 |

Athanasula Tanasi
27 Briarwood Drive
Old Saybrook, CT 06475

_____407598_____
Christopher G. Brown

2013 WL 2278765
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Stamford–Norwalk.

BANK OF AMERICA, N.A.
v.
Gary DiLUCA et al.

No. FSTCV095011073S. | April 30, 2013.

## Opinion

KEVIN TIERNEY, Judge Trial Referee.

*1 The question raised by this Motion to Dismiss: Does the plaintiff's failure to allege ownership in a mortgage foreclosure complaint deprive the court of subject matter jurisdiction due to the plaintiff's lack of standing? There is a corollary question to the above; Is it sufficient for the plaintiff to allege that it is a holder of the note relying on the *RMS Residential Properties, LLC v. Miller,* 303 Conn. 224, 231–32 (2011), presumption that a holder is the owner, leaving the defendant with the burden of rebutting that presumption?

The defendants' Motion to Dismiss states as follows: "Pursuant to P.B. §§ 10–30 and 10–33, defendants, Gary DiLuca and Melissa Makris, move to dismiss the action for lack of subject matter jurisdiction because plaintiff lacks standing to bring the action."(# 131.00).

An evidentiary hearing was held. The plaintiff called David Endara, a research officer for JP Morgan Chase Bank, N.A. Mr. Endara was cross-examined. Neither party produced any further witnesses. Six exhibits were offered. The court heard oral argument and the matter was submitted to this court for a written memorandum of decision.

The operative complaint is the original complaint dated March 25, 2009. The plaintiff, Bank of America, NA, alleged that on April 20, 2006 the defendant, Gary DiLuca, executed and delivered to Washington Mutual Bank, FA a note in the original amount of $780,000 secured by a first mortgage on property located in Westport, Connecticut. Paragraph 4 of the complaint alleges: "Said Mortgage was assigned to Bank of America, NA by virtue of an Assignment of Mortgage to be recorded on the Westport Land Records. The Plaintiff, Bank of America, NA, is the holder of said Note and Mortgage."The complaint contains no allegations that the plaintiff, Bank of America, NA, is the owner of either the note or the mortgage.

On April 29, 2009 the defendants, Gary DiLuca and Melissa Makris, filed an Answer and Special Defenses (# 103.00). These are six Special Defenses. The First Special Defense states: "The complaint fails to state a claim upon which relief may be granted because plaintiff alleges in paragraph 4 and 5 that it is merely the 'holder' of the Note and a mere 'holder' of the Note is without the right to foreclose the Mortgage."The Second Special Defense claims that the Note has been lost or stolen and the plaintiff does not have the right of a holder in due course because of that fact. The Third Special Defense denies the "authenticity of, and the authority to make, each signature on the Note, or any paper affixed to the Note."The Fourth Special Defense alleges that the plaintiff is a "consumer collection agency" and is precluded by Connecticut statutes and the express terms of the Mortgage from foreclosing this Mortgage. The Fifth Special Defense alleges that the plaintiff is barred by the doctrine of unclean hands by reason of the facts contained in the Fourth Special Defense. The Sixth Special Defense states as follows: "The complaint fails to state a claim upon which relief may be granted because plaintiff alleges in paragraph 4 that it is an assignee of solely the Mortgage and a mere assignee of solely the Mortgage is without the right to foreclose the Mortgage."

*2 The plaintiff filed a July 22, 2009 Motion for Summary Judgment (# 106.00). This motion (# 106.00) and its supporting Memorandum (# 107 .00) were both withdrawn by the plaintiff on December 27, 2011 (# 123.00). The plaintiff then filed a second Motion for Summary Judgment on December 27, 2011 (# 124.00). That Motion for Summary Judgment has yet to be argued.

The matter was submitted to mediation. The mediation terminated after three years as per the Mediator's Final Report on May 16, 2012 (# 129.00). The plaintiff then filed certain affidavits and documents seeking to proceed with the foreclosure. Almost immediately thereafter the defendants filed the instant Motion to Dismiss on July 5, 2012 (# 131.00). The defendants filed a Memorandum in support of its Motion to Dismiss on July 5, 2012 (# 132.00). The plaintiff objected to the Motion to Dismiss by documents and Memorandum filed on September 14, 2012 (# 135.00). The defendants filed a further Memorandum on September 20, 2012 (# 136.00).

Despite the claims raised in the defendant's six Special Defenses and this Motion to Dismiss, the plaintiff has chosen not to amend its original March 25, 2009 complaint that was returnable to the Superior Court on April 14, 2009.

The plaintiff is relying on the following language of the Supreme Court's December 13, 2011 decision in *RMS Residential Properties, LLC v. Miller*:"The defendant contends, however, that the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability) and that a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure. *New England Savings Bank v. Bedford Realty Corp.*, 238 Conn. 745, 759–60, 680 A.2d 301 (1996) (mere holder of promissory note, if not owner of underlying debt, cannot exercise equitable power of foreclosure). We agree. We also, however, agree with the plaintiffs' contention that a holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted may, foreclose the mortgage under § 49–17."*Id.* at 231–32.

The court makes the following findings of facts and legal conclusions:

Plaintiff's witness, David Endara, has been a research officer for JP Morgan Chase Bank for 10 years. Three exhibits were marked as trial exhibits. By agreement the original note was offered into evidence. The court examined the original note and by agreement of the parties a photocopy of the original note was marked Exhibit 1. The original note was returned to plaintiff's counsel. A certified copy of the recorded mortgage deed was Exhibit 2. A copy of the assignment of the mortgage was marked as Exhibit 3. Mr. Endara testified that he was familiar with those three documents as well as all the business and computer records regarding this loan. He noted that the original of the Note is a preprinted form entitled Adjustable Rate Note. It is dated April 20, 2006 in the amount of $780,000. The "Borrower" is the defendant, "Gary DiLuca." The "Lender" is "Washington Mutual Bank, FA." The initial interest rate is 6.275% and the Note's Maturity Date is May 1, 2036. On the last page of the Note below the signature line appears a stamp. The stamp states:

*3 Pay to the order of

Without Recourse

WASHINGTON MUTUAL BANK, FA

By _____

CYNTHIA RILEY

VICE PRESIDENT

A signature of Cynthia Riley appears above the line in this endorsement. There is a blank space after the phrase "Pay to the order of." No names or words have been inserted in this blank space. The court finds that the $780,000 note that is the subject of this foreclosure has been endorsed in blank by the Lender, Washington Mutual Bank, FA.

This lawsuit was commenced by the writ, summons, and complaint dated March 26, 2009. The file contains a return of service indicating that the complaint was served on March 26, 2009. The Mortgage Deed is dated April 20, 2006. Exhibit 2. The "Lender" is "Washington Mutual Bank, FA." The "Borrower" are "Gary DiLuca" and "Melissa Makris," the two defendants. The Mortgage Deed was recorded in the Westport Land Records in Book 2672 Page 001.

Exhibit 3 is an Assignment of Mortgage from "Washington Mutual Bank, f/k/a Washington Mutual Bank, FA," to the plaintiff, "Bank of America, NA." The assignment itself and the acknowledgment on the assignment are both dated April 14, 2009. That assignment was executed by JP Morgan Chase Bank, National Association, as Successor–in–Interest to Washington Mutual Bank, f/k/a, Washington Mutual Bank, FA acting therein by Christina Allen, Attorney in Fact. The assignment was recorded on the Westport Land Records on June 3, 2009 in Book 2991 Page 193. The court concludes that this assignment from Washington Mutual Bank f/k/a Washington Mutual Bank, FA to Bank of America, NA was executed and recorded after the commencement of this lawsuit.

Mr. Endara testified that JP Morgan Chase Bank is the loan servicer for this loan. He further testified that the Bank of America, NA has been the owner of this loan since February 1, 2007 and that JP Morgan Chase Bank has been the loan servicer of this loan since September 2008. Mr. Endara testified that since February 1, 2007 the Bank of America, NA has not transferred this loan to any other entity. He indicated that the loan number ended in the following four digits ... 2633. That number ... 2633 appears on the first page of the Mortgage Deed. Exhibit 2. Mr. Endara further testified that as of the date of his testimony the original loan documents are in the possession of JP Morgan Chase Bank as the servicer of the loan.

Case 3:18-cv-00727-VAB Document 15-8 Filed 07/29/16 Page 38 of 41
Bank of America, NA v. DiLuca, Not Reported in... (2013)
2013 WL 2278765, 56 Conn. L. Rptr. 44

From this credible testimony the court finds that Bank of America, NA is the owner of the Note and Mortgage and has been the owner of the Note and Mortgage since February 1, 2007 to date.

Three other exhibits were offered into evidence but were not the subject of testimony by Mr. Endara, the only witness. Exhibit 4 is a seven-page printout from the court's computer Edison program from the trial court records of *RMS Residential Properties, LLC et al. v. Miller et al.,* Superior Court, judicial district of New Haven at New Haven, Docket Number NNH CV 08–6002796 S. This case is identified as a foreclosure lawsuit returnable September 23, 2008. The last pleading as of this court's December 14, 2012 printout in evidence is a June 21, 2012 Motion for Deficiency Judgment (# 165.00). Of note is pleading # 154.00 dated December 13, 2011 entitled "Appellate Court Decision No Error." Pleading # 154.00 references the Supreme Court's decision reported at 303 Conn. 224. Both counsel agree that Exhibit 4 is the trial record of *RMS Residential Properties, LLC v. Miller, supra,* 303 Conn. at 224. Exhibit 5 is a copy of the September 9, 2008 Complaint in *RMS Residential Properties, LLC v. Miller.* These two exhibits verify that the foreclosure trial and appeal was based on the original complaint filed and no amended or revised complaints were filed. Exhibit 4, page 2 line 2, "9/16/2008."

**\*4** The last exhibit was offered by the defendants in the hearing on this Motion to Dismiss. It was marked as Exhibit 6. Exhibit 6 consists of the plaintiff's first Motion for Summary Judgment dated July 22, 2009 (# 106.00), a Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment dated July 22, 2009 (# 107.00) and the following six exhibits attached to the Memorandum (# 107.00); (1) the defendant's April 29, 2009 Answer and Special Defenses (# 103.00), (2) a six-page June 18, 2009 affidavit signed by a Vice President of JP Morgan Chase Bank, National Association, (3) the $780,000 April 20, 2006 Note marked as Exhibit 1 in this hearing, (4) the Mortgage Deed marked as Exhibit 2 in this hearing, (5) the Assignment of Mortgage marked as Exhibit 3 in this hearing along with a request to record letter to the Westport Town clerk and a check for the recordation fee, and (6) a two-page Notice of Default letter from Washington Mutual to Gary DiLuca dated December 23, 2008.

It has already been noted that this first Motion for Summary Judgment was never argued or decided. This first Motion for Summary Judgment dated July 22, 2007 (# 106.00) and the Supporting Memorandum (# 107.00) together with

the six attached exhibits were withdrawn by plaintiff on December 27, 2011 (# 123.00). The plaintiff's second Motion for Summary Judgment dated December 27, 2011 (# 124.00) has yet to be argued.

Both counsel argued certain facts that emanated from the trial record of *RMS v. Miller.* They agreed that its trial record is found in the Superior Court, judicial district of New Haven, at New Haven, Docket Number NNH CV 08–6002796 S entitled *RMS Residential Properties, LLC et al. v. Anna M. Miller et al.* The court examined the complaint in the *RMS v. Miller* case and compared it with paragraphs 4 and 5 of the current complaint before this court. Both contain two separate allegations of "holder" in both paragraphs 4 and 5. The court took judicial notice on the record of the trial court file of *RMS v. Miller* as is expressed in the Superior Court's Edison computer program, a printout of which is Exhibit 4. The allegations in both complaints are virtually identical. The *RMS v. Miller* complaint was submitted before and decided by the Supreme Court on December 13, 2011. Ex. 5. Paragraphs 4 and 5 of the *RMS v. Miller* complaint contain no allegations of ownership. Ex. 5.

Neither complaint contains an allegation of ownership of the note and/or mortgage. Paragraph 4 of *RMS v. Miller* states in its last sentence: "The Plaintiff, RMS Residential Properties, LLC is the holder of said Note and Mortgage." Paragraph 4 of the March 25, 2009 operative complaint before this court states in the last sentence: "The Plaintiff, Bank of America, NA, is the holder of said Note and Mortgage." Paragraph 5 of *RMS v. Miller* states in paragraph 5: "Said Note is in default and the Plaintiff, RMS Residential Properties, LLC as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note." Paragraph 5 of the March 25, 2009 operative complaint before this court states: "Said Note is in default and the plaintiff, Bank of America, NA as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note."

**\*5** This court finds that the Supreme Court had before it in *RMS v. Miller* an operative complaint in which the Supreme Court held that the allegations of "holder" was sufficient for a foreclosure to continue. *Id.* at 227. Ex. 5.

Based upon this court's review of the pleadings in *RMS v. Miller* at the trial level and the allegations of this current

Bank of America, N.A. v. Biller, Not Reported in A.3d (2013)
Case 3:16-cv-00727-MAB   Document 15-8   Filed 07/29/16   Page 39 of 41
2013 WL 2278765, 56 Conn. L. Rptr. 44

complaint, the court finds that this case is controlled by the presumption of *RMS v. Miller.*

> A trial court is required to follow the prior decisions of an appellate court to the extent that they are applicable to facts and issues in the case before it, and the trial court may not overturn or disregard binding precedent.

*Potvin v. Lincoln Service & Equipment Co.,* 298 Conn. 620, 650 (2010).

There was no requirement in *RMS v. Miller* that a foreclosing plaintiff plead ownership of the note. The plaintiff is permitted to plead that it is the "holder" and rely on the presumption set forth in *RMS v. Miller.*This is exactly the legal and factual position that the plaintiff is relying on to defeat this Motion to Dismiss. The defendants' arguments are not supported by either the trial record of *RMS v. Miller* nor the appellate record. No other appellate decision requires the pleading of ownership. This court concludes that if the defendant is correct and that the plaintiff is required to plead ownership, the plaintiff then would have the burden of proof of demonstrating from the evidence that the plaintiff is the actual owner. If the defendant is correct then RMS is no longer the law and the presumption rule of *RMS v. Miller* is being overruled by a trial court. This court is a trial court and is bound to follow Supreme Court precedent.

*RMS Residential Properties, LLC v. Miller* did not change Connecticut law concerning the burden of proof by a plaintiff seeking foreclosure. It is the obligation of the plaintiff to prove that it was the owner of the note and the mortgage, that there was default in the note and mortgage, and that all conditions of the note and mortgage have been satisfied. *Franklin Credit Management Company v. Nicholas,* 73 Conn.App. 830, 838 (2002); *Webster v. Flanagan,* 51 Conn.App. 733, 750–51 (1999).*RMS v. Miller* did not change these requirements. It merely added the presumption provision to assist the plaintiff in proving that it is the owner of the note. It is up to the defendants to rebut that presumption. In this case the defendants called no witnesses and furnished no credible evidence before this court to support their position that the plaintiff lacks standing. "A holder of a note is presumed to be the owner of the debt, and unless the defendant rebuts that presumption, a holder of the note is entitled to foreclose the mortgage."*RMS Residential Properties, LLC v. Miller, supra,* 303 Conn. at 228–29.

The defendants also argue as to the RMS presumption: "The presumption, however, is not available to a plaintiff who did not allege ownership."*DiLuca and Makris* Brief in Support of Their Motion to Dismiss for Lack of Subject matter Jurisdiction dated July 5, 2012 (# 132.00, page 13). The defendants cite to no case for this statement that is dated after the issuance of *RMS Residential Properties, LLC v. Miller* on December 13, 2011. This defendant's claim of failure to plead ownership is not supported by the examination of the complaint upon which *RMS v. Miller* was decided. At trial the plaintiff must prove ownership. *Id.* at 228–29.

**\*6** Although not raised in the Motion to Dismiss, at the hearing the defendants offered two other arguments in favor of their Motion to Dismiss.

Mr. Endara testified that JP Morgan Chase, NA was servicing the mortgage well before the commencement of the lawsuit and that the plaintiff, Bank of America, NA, was the owner and holder of the note as of February 1, 2007, well before the 2009 commencement of this lawsuit. This testimony was based on his review of computer records described as "screen shots." A screen shot is the information that appears on the computer screen. Copies can be made of screen shots. The screen shots testified to by Mr. Endara were not offered into evidence either by the defendants on cross-examination nor by the plaintiff on direct or rebuttal. The court finds that the plaintiff laid the proper foundation for Mr. Endara's computer search testimony, that he was conversant with the computer system, that he relied on its accuracy in performing his duties, and that he was familiar with the workings of the computer system.*American Oil Co. v. Valenti,* 129 Conn. 349, 355–56 (1979). Printouts from computer records are admissible. *Id.* at 356; *Silicon Valley Bank v. Miracle Faith World Outreach, Inc.,* 140 Conn.App. 827, 835–37 (2013); *Gilmore v. Public Storage, Inc.,* Superior Court, judicial district of Fairfield at Bridgeport, Docket Number CV 04–0409678 S (February 25, 2009, Bellis, J.).

The second argument made by defendants stems from a July 22, 2009 Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (# 107.00) marked in evidence in this hearing as Exhibit 6. On the 17th unnumbered page of Exhibit 6 and the 14th unnumbered page of the Memorandum, the following language appears: "Furthermore, the Plaintiff in this action is an incarnation of the original lender who did not assign nor otherwise transfer ownership of the underlying loan documents to any third party or otherwise relinquish its rights as the owner of the loan

Bank of America, N.A. v. Hooper, Not Reported in A.3d (2013)
Case 3:16-cv-00727-MPS Document 15-8 Filed 07/29/16 Page 40 of 41

2013 WL 2278765, 56 Conn. L. Rptr. 44

instruments."The Memorandum was authored and signed by Andrew P. Barsom, Esq. of the law firm of Hunt Leibert Jacobsen, P.C. At all times the plaintiff, Bank of America, NA, has been represented in this foreclosure lawsuit by Hunt, Liebert Jacobsen, P.C.

This Memorandum (# 107.00) supported the plaintiff's July 22, 2009 Motion for Summary Judgment (# 106.00). The Motion for Summary Judgment and the Memorandum were both withdrawn on December 27, 2011 (# 123.00) without the motion ever being decided or argued. In substitution thereof the plaintiff filed a December 27, 2011 Motion for Summary Judgment with an attached supporting Memorandum of Law (# 124.00). The above mentioned phrase does not appear in this later version of the plaintiff's Motion for Summary Judgment (# 124.00).

The defendant claims that this statement by counsel in a duly filed pleading is a judicial admission that Washington Mutual Bank, FA has always been the owner of the Note and Mortgage, that Bank of America, NA has never been the owner of the Note and Mortgage, that Bank of America, NA has no standing to commence and/or maintain this foreclosure lawsuit, and thus this court is deprived of subject matter jurisdiction. The defendants argue that on this basis alone the Motion to Dismiss must be granted.

**\*7** This court is not persuaded.

(1) The defendants have not furnished legal authority to this court that counsel's Memorandum is a "pleading" of the type that is subject to the judicial admission doctrine. The admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader. *Jones Destruction, Inc. v. Upjohn,* 161 Conn. 191, 199 (1971)."An admission in pleading dispenses with proof, and is equivalent to proof."*Patchen v. Delohery Hat Co.,* 82 Conn. 592, 594 (1909).

(2) The judicial admission rule is limited to pleadings and statements made in open court. *Piantedosi v. Florida,* 186 Conn. 275, 278 (1982). Interrogatory answers are not subject to the judicial admission rule. *Id.* at 278; *Balboni v. Stonick,* 2 Conn.App. 523, 529 (1984). By reason of this limitation, it can be concluded that a Memorandum submitted by counsel is not a "pleading" subject to the judicial admission rule. *Hirsch v. Thrall,* 148 Conn. 202, 206–07 (1961); *Esposito v. Wethered,* 4 Conn.App. 641, 645 (1985); Gen.Stat. § 52–200.

(3) Even if the Memorandum is a "pleading" subject to the admission rule, it no longer is a judicial admission since it was withdrawn on December 27, 2011 (# 123.00).*Dreier v. Upjohn Co.,* 196 Conn. 242, 244 (1985).

(4) A withdrawn pleading, at best, is only an evidential admission. *Id.* at 244.The court can give such an evidential admission whatever weight it is entitled to *O'Kane v. Puljic,* Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket Number FST CV 10–6005729 S (November 28, 2012, Tierney, J.T.R .). Given that such statements have some probative value, we believe that the circumstances under which they are made, as with any other "admission," go to the weight to be accorded the statements rather than their admissibility. *Stitham v. LeWare,* 134 Conn. 681, 684 (1948). Such admissions can be explained to the trier when the superseded pleading is admitted at trial. *Kucza v. Stone,* 155 Conn. 194, 197–98 (1967). This court hereby gives such withdrawn statement no weight.

(5) The Memorandum (# 107.00) contains a June 18, 2009 affidavit submitted on behalf of Bank of America, NA executed by a Vice President of JP Morgan Chase Bank, National Association, the servicer of the Note and Mortgage. Paragraph 5 of this affidavit states: "Plaintiff in this action, Bank of America, NA, is the owner and holder of said note and mortgage."The assignment to Bank of America, NA is also noted in paragraph 5 of this attachment. These are the operative facts set forth in the Memorandum. There are no facts contained anywhere in Exhibit 6 that refute these facts. The conclusory statement of Attorney Barsom does not refute the facts contained in this June 18, 2009 affidavit. The court finds the facts contained in the June 18, 2009 affidavit controlling and credible.

(6) The Memorandum quotation is contained in the section of the plaintiff's argument claiming that a holder of the note has the ability to foreclose under Connecticut law and the defendants' First Special Defense to the contrary is not current Connecticut law.

**\*8** (7) The sentence quoted fails to take into consideration other portions of that same 14th page and the following page where it is stated: "Plaintiff is in fact the legal owner of the documents" and the "Plaintiff in this action is the holder of the Note."The plaintiff in this pleading (# 107) (Exhibit 6) is the Bank of America, NA.

After reviewing the entire Memorandum and the attached Affidavit one could not be mistaken that the plaintiff, Bank of America, NA, was and is the owner of the Note at the commencement of this lawsuit.

The plaintiff alleges that it was and is the holder of the Note. The plaintiff relies on the *RMS v. Miller* presumption. Although the defendants argue the above admission in counsel's later withdrawn Memorandum, the defendants offered no other evidence to rebut the presumption that a holder of the Note is the owner of the Note. The thin, very thin thread of this claimed evidential admission is insufficient to sustain the defendants' burden to rebut the presumption of ownership. *Wells Fargo Bank v. Clegg,* Superior Court, judicial district of Fairfield at Bridgeport, Docket Number CV11–6019620 S (January 7, 2013, Hartmere, J.) [55 Conn. L. Rptr. 464].

The court finds that the defendants have failed to rebut the presumption of ownership by any evidence whatsoever.

The court finds that the defendants' Motion to Dismiss stating that the plaintiff has no standing because the plaintiff has failed to allege ownership, finds no support in either *RMS Residential Properties, LLC v. Miller* or any other appellate decision.

The Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction dated July 5, 2012 (# 131.00) is denied.

**All Citations**

Not Reported in A.3d, 2013 WL 2278765, 56 Conn. L. Rptr. 44

---

     © 2015 Thomson Reuters. No claim to original U.S. Government Works.